126. And the Plaintiff told his Mother, that to Please buy a recorder, so she could record what it was happening with him at that facility. (Ex. J-26, J-34, E-1

127. The next day January 15, 2015 they told the Plaintiff that he was Keeplock again, and took the Plaintiff to the disciplinary room in the morning. (Ex. J-26, J-34, E-1

128. While the Plaintiff was in the bullpen, that was full of people, (Ex. J-26, J-34, E-1

129. the Plaintiff saw Defendant Lt. Hann doing hearings in the first room, in another room was the Defendant Capt. Carry, and in another room was the Dep. Collado. A old Lady that is a secretary, was also in the area. (Ex. J-26, J-34, E-1

130. When all of a sudden the Defendant Impostor Inspector General Keyser went to the last room on the left side of the Discplinirary room. (Ex. J-26, J-34, E-1

131. Then Defendant Impostor Inspector General Keyser, call for a Afroamerican inmate (that used to lock in (F)block), (Ex. J-26, J-34, E-1

132. And when that inmate came back to the bullpen and another inmate ask him, that who that was, the inmate says that, that was a Inspector General. (Ex. J-26, J-34, E-1

133. While they left the Plaintiff in the bullpen from the morning through the afternoon, the Defendant Capt. Carry left the room. (Ex. J-26, J-34, E-1

134. The Dep. Collado also left the room, (Ex. J-26, J-34, E-1

135. And the Defendant Impostor Inspector General Keyser also left the room. (Ex. J-16, J-34, E-1

136. And all the inmate that was in the bullpen with the Plaintiff in the morning, they all got sent back to their cells. (Ex. J-26, J-34, E-1

137. Then little by little they fill the bullpen with other inmates, (Ex. J-26, J-34, E-1

138. And then came the Defendant Dep. ss. D. Wilkins to the disciplinary room and started to talk with the Old Lady Secretary. (Ex. J-26, J-34, E-1

139. Then the Defendant I. G Ortiz came to the disciplinary room with another Defendant I. G. John Doe, and start to talk with the Defendant Dep. ss. D. Wilkins in the back area. (Ex. J-26, J-34, E-1

140. Then the Plaintiff ask the correctional officer Rodriguez that who they were and he says that, they were Inspector Generals. (Ex. J-26, J-34, E-1

141. So the Plaintiff told the correctional officer Rodriguez, to Please tell them that he would like to talk to them. (Ex. J-26, J-34, E-1

142. Then the Defendant I.G. Ortiz came and stood in front of the bullpen, and the Plaintiff introduce himself to Defendant I.G. Ortiz and told him about everything that he went through since the year before, (Ex. B-27, B-29, B-37, C-48, C-49, J-26, J-34, D-37, E-1

143. And when the Plaintiff told Defendant I.G. Ortiz that in that morning, the same Impostor Inspector General Keyser that had interrogate him in S.H.U., had pull somebody that morning out the bullpen and told him that he was a Inspector General, and Defendant I.G. Ortiz turn around and told the Plaintiff, who you talking about him? Pointing at the Defendant I.G. John Doe that came with him, (Ex. J-26, J-34, E-1

144. And the Plaintiff told Defendant I.G. Ortiz, that, that was not him. (Ex. J-26, J-34, E-1

145. So the Defendant I.G. Ortiz told the Plaintiff that he was goin to go back to his office to see who had come to see the Plaintiff, and that he was goin to come back the next day. (Ex. J-26, J-34, E-1

146. And went back to where Defendant Dep. ss. D. Wilkins was and Defendant I.G. John Doe was. (Ex. J-5, J-26, J-34, E-1

147. And because Defendant I.G. Ortiz never gave the Plaintiff his name, the Plaintiff call the C.O. Adamen and told him to Please ask Defendant I.G. Ortiz for his name, and the C.O. Adamen went

to him and came back, and told the Plaintiff that his name was Inspector General Ortiz. (Ex. J-26, J-34

148. Then they left the room and the Plaintiff was call for a tier hearing in front of Defendant Lt. Hann from the misbehavior report of dated: 12/29/14, written by C.O. Weslie, and Defendant Lt. Hann was bias and allow false statements against the Plaintiff and render a guilty verdict soley based on support of Departmental and Institutional Loyalty and sentence the Plaintiff to 30 days Keeplock, loss of Package, loss of Phone and loss of Commissary. (Ex. H-16, J-26, J-34, E-1

149. Around those days the Plaintiff was in his hour keeplock recreation talking with inmate Miguel Marquez on the sidewalk that goes from the (c) block door to the yard phone area. (Ex. J-26, J-34

150. In that conversation the inmate Miguel Marquez told the Plaintiff that a friend of him (that had made the Parole board from Green Haven corr. fac. (F) block) had wrote him and told him that he was in a romantic relationship with the Defendant C.O.O. Chavers in the street. He had told the Plaintiff that storie also on 1/14/15. (Ex. J-26, J-34

151. Then later all of a sudden Defendant Dep. ss. D. Wilkins, Capt. Melville and Sgt. Coccuza came out of (c) block door, while the C.O. Pagan came to meet them with the log book. (Ex. J-26, J-34

152. They all stood in front of the Plaintiff and inmate Miguel Marquez,

153. And Defendant Dep. ss. D. Wilkins say something with the number 11 and then say, and I'm sticking to my story. Then he sign the log book and they all left. (Ex. J-26, J-34)

154. On January 17, 2015 the Plaintiff went to a tier 2 hearing in front of Defendant Lt. Murphy from the incident of 11/26/14, and even though they had told the Plaintiff that he was off keeplock on 12/22/14 and then again on 1/14/15. The Defendant Lt. Murphy continue to be bias against the plaintiff and allow false staments and render a guilty verdict soley based on support of Departmental and Institutional Loyalty and sentence the Plaintiff to 30 days keeplock, loss of Package, loss of Phone, and loss of commissary. (Ex. #-11, J-26, J-34, L-9, E-1)

155. In January 18, 2015 Defendant C.O. Tagliaffery call Sgt. Monroe after the Plaintiff ask her to please call a sergeant, and when Sgt. Monroe came, he came with C.O. Croofot, C.O. Coccuza jr. and Defendant C.O. Tagliaffery, and they came with there sticks out, screaming to go and locking. (Ex. J-26, J-34, E-1)

156. In January 20, 2015 they move the Plaintiff from (A) block to (F) block, but before they move him out of (A) block, they gave the Plaintiff a misbehavior report from the incident of January 18, 2015 with false accusation. (Ex. #-17, J-26, J-34, E-1)

157. Then after the Plaintiff move to (F) block, the first thing that Defendant C.O. J. Erns did was to search the Plaintiff Property in front of the correctional officer office. (Ex. J-26, J-34,

158. Then all of a sudden came walking through (F) block door the Defendant Supt. T. Griffin, Defendant Dep. ss. D. Wilkins, Dep. Lilley, Dep. Collado, Dep. Williams, and Sgt. Malark, (Ex. J-26, J-34

159. And then the Plaintiff ask Sgt. Malak for Defendant Dep. ss. D. Wilkins name, but he refuse to give it to him, and Dep. Lilley told the Plaintiff that his name was Dep. of security Wilkins. (Ex. J-26, J-34

160. Before they walk away, the Plaintiff introduce himself to the Dep. Collado and ask her, if she knew who the Plaintiff was, and she told the Plaintiff no, so the Plaintiff told the Dep. Collado that he had wrote the Defendant Supt. T. Griffin a few letters, but that nobody had done nothing, and the Plaintiff told her that he would like a hearing to discuss why the administration was treating him the way that they was treating him. (Ex. J-26, J-34

161. And Dep. Collado told the Plaintiff to write her, but to not write her a book, and all of them left. (Ex. J-26, J-34

162. Then Defendant C.O. J. Erns took a lot of clothes from the Plaintiff, and sent him to his cell and never gave the Plaintiff any forms, so the Plaintiff could decide what to do with the Property that the Defendant C.O. J. Erns took from him. (Ex. J-26, J-34

163. In January 23, 2015 the C.O. D. Murdock wrote the Plaintiff a Misbehavior report with false accusation. (Ex. H-19, J-26, J-34, E-1, H-20

164. In January 24, 2015 while the Plaintiff was sleeping Defendant C.O. J.Erns came with a similar jacket like the one Defendant I.G.Ortiz had on (on January 15, 2015), and wake the Plaintiff and put his hand inside the Plaintiff cell and act like he was pulling a trigger and ask the Plaintiff if he ever gave him a spray bottle. (Ex. J-1, J-26, J-34, L-29

165. When he never gave the Plaintiff a spray bottle. (Ex. J-26, J-34

166. In January 25, 2015 the Plaintiff went to a tier 2 hearing in front of Defendant Lt.Hann from the incident of 11/17/14, and even though they had told the Plaintiff that he was off keeplock on 12/22/14 and then again on 1/14/15. The Defendant Lt.Hann continue to be bias against the Plaintiff and allow false statements, refuse to call the Plaintiff witnesses and render a guilty verdict soley based on support of Departmental and Institutional Loyalty and sentence the Plaintiff to 30 days keeplock, loss of phone, loss of commissary, loss of Package, (Ex. H-7, J-26, J-34, L-9, E-1

167. In January 29, 2015 the Plaintiff stop the Defendant Supt.T.Griffin, in front of his cell, and after the Plaintiff introduce himself, he ask him, if he knew who he was, and the Defendant Supt.T.Griffin told him NO (Ex.J-26, J-34

168. Then the Plaintiff told Defendant Supt.T.Griffin, about what was happening to him since he recognice that the Administration use a Impostor Inspector General to interrogate him the year before, between May 12 - June 11 2014 while he was in S.H.U., and Defendant Supt.T.Griffin

told the Plaintiff that he was not there last year, and the Plaintiff told him, that in January 15, 2015 the same Defendant Impostor Inspector General Keyser was in the disciplinary room and had pull somebody out the bullpen and told that inmate that he was an Inspector General, and then he told the Plaintiff to write him and kept walking with the Dep. Lilley and the Defendant C.O.J.Erns. (Ex. J-26, J-34

169. On January 30 or 31 2015, that morning the C.O. Grober did not let the Plaintiff go to his hour keeplock recreation. (Ex. J-26, J-34, E-1

170. Then the C.O. Martin, escort the Plaintiff to the disciplinary room, (Ex. J-26, J-34, E-1

171. And the Defendant Lt. Murphy and the C.O. Anspach was on that area, (Ex. J-26, J-34, B-29, E-1

172. And they told the Plaintiff to go inside one of the rooms, and inside that room was a Afroamerican that told the Plaintiff that his name was Isaac and show the Plaintiff his bage and identification, Defendant I.G. Isaac then told the Plaintiffs that the reason he was there, was because Defendant I.G. Ortiz had told him that the Plaintiff had ask for him, (Ex. B-27, B-29, -B-37, J-26, J-34, B-33, B-35, E-1

173. And the Plaintiff told Defendant I.G. Isaac that, that was not true, and began to tell him about the Defendant Impostor Inspector General Keyser and what was happening with him at that facility. (Ex. J-26, J-34, E-1

174. Then Defendant I.G. Isaac told the Plaintiff that Keyser was one of them, (Ex. J-26, J-34

175. And the Plaintiff told Defendant I.G. Isaac that, he was not doudting that, that the name belong to a Inspector General. (Ex. J-26, J-34, E-1

176. But when the Plaintiff notice that Defendant I.G. Isaac was not recording there conversation and was not writing nothing down. (Ex. J-26, J-34, E-1

177. The Plaintiff ask the Defendant I.G. Isaac why he was not recording there conversation or writing nothing down, and he says, that he had a good memory. (Ex. J-26, J-34, E-1

178. Then the Plaintiff ask Defendant I.G. Isaac to Please write his name in a Piece of Paper and Defendant I.G. Isaac refuse to do that. (Ex. J-26, J-34, E-1

179. So the Plaintiff excuse himself, and left the room. (Ex. B-27, B-33, B-37, J-26, J-34, E-1

180. They Put the Plaintiff in the builpen and in there where a few inmates, one of them was Isaiah Harper #96A6233 and he ask the Plaintiff that What he was doing down there, and the Plaintiff told him that a Inspector General had came to interview him. (Ex. B-37 J-15, J-26, J-34, L-11

181. In February 4, 2015 the Plaintiff went to a tier hearing in front of Defendant Lt. Murphy while the C.O. Adamen did the translation,

for the misbehavior report of the incident of 1/18/15. (Ex. J-26, J-34, E-1

182. At the end of that hearing (T2-15-0083) the Plaintiff say on record why he believe, that among other things, one of the reasons that he was being retaliated with the false accusations Misbehavior reports was because he recognice that between May 12 - June 11 2014 that administra- tion used a employee of that facility to play the role of a Inspector General to interrogate him while he was in S.H.U, and that, that misbe- havior report was given to him a few days later, he identified the impostor once again in the disciplinary room and told later that day to the I.G. Ortiz what happen to him. (Ex. C-48, C-49, J-26, J-34, B-33, B-35, B-37, E-1

183. The C.O. Adamen did the translation and Defendant Lt. Murphy ask the Plaintiff some questions, but still was bias and allow those false statements to render a guilty verdict soley based on support of Departmental and Institutional Loyalty, and sentence the Plaintiff to 30 days keeplock, loss of phone, loss of commissary, loss of Package. (Ex. H-18, J-26, J-34, B-33, B-35, E-1

184. That same day the Plaintiff wrote the appeal from the above misbehavior report (T2-15-0083) to the Defendant Supt. T. Griffin explaining the same thing that he put on record. (Ex. C-48, C-49, J-26, J-34, B-33, B-35, B-37

185. On February 5, 2015 the Plaintiff was coming back from medication, when Defendant C.O. Chase who was escorting the Plaintiff start to talk dirty to the Plaintiff and through Plaintiff I.D. on the floor. (Ex. B-39, J-26, J-34, E-1

186. And told C.O. Grober to not let the Plaintiff go to the keeplock hour recreation, and they did not let the Plaintiff go to the keeplock hour recreation that day. (Ex. B-39, J-26, J-34, E-1

187. In February 6, 2015, they did not let the Plaintiff go to his keeplock hour recreation or to his shower. (Ex. J-26, J-34, B-40, E-1

188. That same day the C.O. Olivea came in front of the Plaintiff cell and told the Plaintiff that she was working earlier that day in the Mental Health area and Dra. Ross had told her that the Plaintiff had to write Mental Health with the money, for the Plaintiff can get his Psychiatrist evaluation. (Ex.   J-26, J-34, B-40, B-42, B-43, E-1

189. Later that same day while the Plaintiff was using the toilet, the C.O. Grober took 2 personal sheets from the Plaintiff cell gate and left with them. (Ex.   J-26, J-34, B-40, B-43, E-1

190. In February 10, 2015 the Plaintiff came out of his cell to go and get his Pain Medication, and while the Plaintiff was waiting for his escort, (Ex. J-26, J-34, E-1

191. A friend of the Plaintiff (inmate-name-may) came through the door of (F) block and they exchange a few words. (Ex. J-2, J-26, J-34, E-1

192. Then Defendant C.O. Chase came to (F) block and went to talk to the other correctional officers. (Ex. J-26, J-34, E-1

193. Then Defendant C.O. Chase told the Plaintiff to put his hands on the wall to search him. (J-1, B-30, J-26, J-34, E-1,

194. The Plaintiff did as he was told. (Ex. J-26, J-34, E-1

195. Then Defendant C.O. Chase lift the Plaintiff from between his legs and slam the Plaintiff on the floor. (Ex. J-1, B-30, J-26, J-34, J-46, E-1

196. Defendant C.O. Chase began to cover the Plaintiff face with his body while the Defendants was hitting the Plaintiff with sticks, kicking him and punching the Plaintiff. (Ex. J-1, B-30, J-26, J-34, J-46, L-29, A-1, A-2, A-3, E-1

197. Then Defendant C.O. J. Erns put something on the Plaintiff hand and took it out of his hand real quick and start screaming that the plaintiff had a weapon in his hand. (Ex. J-1, B-30, J-26, J-34, E-1

198. After the Defendants finish hitting the Plaintiff on the floor, they handcuffs the Plaintiff and put him against the wall. (Ex. J-26, J-34, E-1

199. Then Defendant C.O. Carlson started to slam the Plaintiff face against the wall and with his knees start to knee the Plaintiff on his knee, thight and right ribs and was telling the Plaintiff to shut the fuck up. (Ex. B-30, J-2, J-26, J-34, J-46, L-29, A-1, A-2, A-3, E-1

200. The Defendants that the Plaintiff could recognize at that moment

36

was Defendant C.O. Chase, Defendant C.O. J. Erns, Defendant C.O. Carlson, Defendant C.O. corey, Defendant C.O. Phillips, Defendant C.O. Brokaw, Defendant C.O. Lorde-gray and Defendant Sgt. Miller. (Ex. J-1, B-28, B-30, J-26, J-34, B-33, B-35, B-37, E-1

201. And there were more, but before they got the Plaintiff of the wall Defendant C.O. J. Erns was telling them to leave. (Ex. J-2, J-26, J-34, E-1

202. Then while Defendant C.O. corey was escorting the Plaintiff to S.H.U. Defendant C.O. corey slam the Plaintiff against the East side control office, (Ex. B-27-30, J-2, J-26, J-34, J-46, A-1, A-2, A-3, E-1

203. And right after that slam the Plaintiff again against the gate that is next to that control office. (Ex. H-21-23, J-2, J-26, J-34, A-1, A-2, A-3, E-1

204. In S.H.U. the Sgt. Velardo and C.O. cimmino saw that they had made the Plaintiff defecate on himself, and the C.O. cimmino start saying that the Plaintiff boxer could make a nice Paint mixture. (Ex. J-1, J-26, J-34, J-46, E-1

205. And even thought the Plaintiff could barely walk, had bruises, knots, scracthes in his face, shoulders, ribs, thight and both knees, had injure his lower back, (Ex. A-1-3, M-2, J-1, J-26, J-34, J-46, E-1, I

206. They never took the Plaintiff to the clinic. (Ex. J-1, J-26, J-34, J-46, E-1, I

207. A nurse came, took some information and told the Plaintiff to

write a brief statement in a form and while the Plaintiff was writing, a C.O. John Doe Push the desk against the Plaintiff knees and told him, that up there, he had to do what they told him to do. (and there are cameras in that room). (Ex. J-26, J-34, I

208. The nurse gave the Plaintiff some bacentration and left. (Ex. J-26, J-34, E-1

209. Then they Put the Plaintiff in #44 cell. (Ex. J-26, J-34, E-1

210. In March 6, 2015 when Defendant Dr. Bentivegna was doing rounds, the Plaintiff stop him to complaint (like the Plaintiff was doing everyday, besides weekend, because the Dr. Bentivegna use to not do rounds on weekends) about the sharp Pain on his back and both of his knees, and continue to a ask Defendant Dr. Bentivegna for x-rays on his back and his knees. (Ex. B-31, J-26, J-34, B-37, E-1

211. The Plaintiff also ask Defendant Dr. Bentivegna why they stop giving him, his Pain medication (neurontin 300 miligrams), (Ex. B-31, J-26, J-34, B-37, E-1, I

212. And Defendant Dr. Bentivegna lie and told the Plaintiff, that the Plaintiff had told him that, that medication was not working for him. (Ex. B-31, J-7, J-11, J-13, J-26, J-34, E-1

213. In March 7, 2015 Defendant C.O. Sullivan decide to act in bad faith and open all the windows, knowing that it was freezing outside (Ex. B-44-45 J-26, J-34

38

214. In March 9, 2015 the Plaintiff went to his tier 3 hearing in front of
Defendant Dep.SS.D. Wilkins and when the hearing end and the C.O.S
took the Plaintiffs out the room, the Plaintiff saw the I.G. Nuñez
coming toward him with the hands inside his black leather
jacket and all of sudden the I.G. Nuñez stop real close to the
Plaintiff, and the correctional officers continue then to escort
the Plaintiff back to his cell. (Ex. J-26, J-34

215. In March 14, 2015 the Plaintiff receive from his sister (Dayna L. Fabricio)
from Puerto Rico a USPS tracking, that show how that administration
had refuse a Package that his sister had sent him with (2) soft
cover christian books and a $50.00 dollars money order. (Ex. B-49-51
J-26, J-34, J-46

216. In March 17, 2015 the I.G. Vega came and interview the Plaintiff
and the Plaintiff wrote a short statement in front of I.G. Vega
and gave him a few letters that the Plaintiff had wrote to the
Defendant Supt. T. Griffin and the Inspector General office before
the incident of February 10, 2015. (Ex. J-8, J-18, J-26, J-34, E-1

217. In March 22, 2015 the Plaintiff receive a misbehavior report written
by C.O. Batista with false accusations and charges. (Ex. H-28, H-29, J-26, J-34,
J-42, D-52, E-1

218. In March 24, 2015 the Sgt. Funk and a correctional officer escort
the Plaintiff to the clinic, and they sit the Plaintiff in a chair in front
of the x-ray machine inside a room for like a hour, but no Doctor or

nurse came to the room to talk with the Plaintiff. (Ex. B-60, J-26, J-34

219. Then the Sgt. Funk and the other C.O. took the Plaintiff back to his cell. (Ex. J-26, J-34, B-60

220. In April 1, 2015 Around 5-6 P.M. Defendant C.O. Sullivan and C.O. Edge took the Plaintiff to the shower room. (Ex. J-26, J-34, B-68

221. And while the Plaintiff was in the shower area, Defendant C.O. Sullivan was searching his cell. (Ex. J-26, J-34, B-68

222. And when the Plaintiff got back to his cell, he notice that it was tooth-pasted all over his clothes, sheets, blankets, mattress and papers, also they had put rice and water in top of them items, and there were a lot of grievances forms rip and paper work wrinkle up. (Ex. J-11, J-26, J-34, J-42, L-7, L-29, B-68

223. Then later on while the Plaintiff was cleaning his cell Defendant C.O. Sullivan came back and stood in front of the Plaintiff cell and yell, who is the Pussy now and left. (Ex. B-68, J-26, J-34,

224. Defendant C.O. Sullivan also wrote the Plaintiff a misbehavior report with false accusations. (H-30, J-26, J-34, J-42, E-1

225. And Defendant Lt. Murphy whith out calling the Plaintiff for a hearing, Dismissed on 4/19/15 the misbehavior report that Defendant C.O. Sullivan

wrote against the Plaintiff. (Ex. #-31, J-26, J-34, J-48

226. In April 4, 2015 Capt. Melville interview the Plaintiff. (Ex. J-12, J-18, J-26, J-34, E-1

227. In April 6, 2015 Defendant Dr. Bentivegna told the Plaintiff that they were goin to take the X-Rays that Day. (Ex. J-26, J-34, L-8

228. Then the C.O. Brothers, Sgt. Kelly and another C.O, escort the Plaintiff to the clinic, and left the Plaintiff in the hallway for like a hour and then took the Plaintiffs back to his cell with out taking any X-Rays. (Ex. B-63-64, J-26, J-34

229. The Plaintiff would like to add to this claim Defendant IGP Stanaway, because she refuse to file multiple Grievances, that still today have not receive a title, log number and Code number. (Ex. J-26, J-34, C-1, C-2, C-3, C-4, C-5, C-6, C-7, C-10, C-11, C16, C-17, C-20, C-21, E-1

230. On April 17, 2015 the Defendant Dep. ss. D. Wilkins completed the hearing from the false accusations written by Defendant C.O. Chase misbehavior report, from the false accusations written by Defendant C.O. Corey misbehavior report and from the false accusations written by Defendant C.O. Lorde-gray misbehavior report from the incident of February 10, 2015, and the Defendant Dep. ss. D. Wilkins allow false and inaccurate testimony from the Defendants, was bias and refuse to call witness, and render a guilty verdict soley based on support of Departmental and Institutional Loyalty, sentencing the Plaintiff to the following

Penalties: 270 days S.H.U., 365 Loss of Package, 365 Loss of Phone, 365 days loss of commissary and 12 month Loss of Good time. (Ex.H-21 ,H-22, H-23 ,H-24 ,H-25 ,H-26 ,H-27,H-33,H-34,H-35,H-36,H-37,H-38,H-39,J-14,J-26,J-34,L-10,L-16,L-23, B-33,B-34

## V. CLAIMS FOR RELIEF

231. Defendant C.O. Chase, Exercided on February 10, 2015, excessive use of force on the Plaintiff by Maliciously slaming the Plaintiff against the floor so the other Defendants could continue assaulting the Plaintiff on the floor, hence by sadistically causing harm, violated the Plaintiff's Eighth Amendment right to be free of cruel and unusual Punishment & causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

232. Defendant C.O. Carlson, Exercided on February 10, 2015, excessive use of force on the Plaintiff by Maliciously slam the Plaintiff face against the wall repeatedly, while telling the Plaintiff to shut the fuck up, And by repeatedly hitting the Plaintiff on his knee, thight and right ribs, with his own knee, hence by sadistically causing harm, violated the Plaintiff's Eighth Amendment right to be free of cruel and unusual Punishment & causing the Plaintiff physical injury, Extreme Emotional Distress and Mental Anguish.

233. Defendant C.O. Corey, Exercided on February 10, 2015, excessive use of force on the Plaintiff by Maliciously assaulting the Plaintiff, and by Maliciosly slaming the Plaintiff against the East side control office and then again against the gate that is next to that control office, hence by sadistically causing harm, violated the Plaintiff's Eighth Amendment right to be free of cruel and unusual Punishment & causing the Plaintiff physical injury, Extreme Emotional Distress and Mental Anguish.

234. Defendant C.O. J. Erns, Exercided on February 10, 2015, excessive use of force on the Plaintiff by Maliciously assaulting the Plaintiff, and by Maliciously putting a weapon on the Plaintiff hand, hence by sadistically causing harm, violated the Plaintiff's Eighth Amendment right to be free of cruel and unusual Punishment & causing the Plaintiff physical injury, Extreme Emotional Distress and Mental Anguish.

235. Defendant C.O. Brokaw, Exercided on February 10, 2015, excessive use of force on the Plaintiff by Maliciously assaulting the Plaintiff, hence by sadistically causing harm, violated the Plaintiff's Eighth Amendment right to be free of cruel and unusual Punishment & causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

236. Defendant C.O. Phillips, Exercided on February 10, 2015, excessive use of force on the Plaintiff by Maliciously assaulting the Plaintiff, hence by sadistically causing harm, violated the Plaintiff's Eighth Amendment right to be free of cruel and unusual Punishment & causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

237. Defendant C.O. Lorde-gray, Exercide on February 10, 2015, excessive use of force on the Plaintiff by Maliciously assaulting the Plaintiff, hence by sadistically causing harm, violated the Plaintiff's Eighth Amendment right to be free of cruel and unusual Punishment & causing the Plaintiff physical injury, Extreme Emotional Distress and Mental Anguish.

238. Defendant Sgt. Miller, failure to act on knowledge of a substantial risk of serious harm to the Plaintiff, and failure to intervine on February 10, 2015 of the excessive use of force that was use on the Plaintiff, by the Defendants, C.O. Chase, C.O. Carlson, C.O. J. Erns, C.O. Corey, C.O. Brokaw, C.O. Phillips, C.O. Lorde-gray, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference to the Plaintiff need for safety. Causing the Plaintiff physical injury, Extreme Emotional Distress and Mental Anguish.

239. Defendant Sgt. Surber, failure to act on knowledge of a substantial risk of serious harm to the Plaintiff, and failure to intervine on February 10, 2015 of the excessive use of force that was use on the Plaintiff, by the Defendant C.O. Corey and Defendant C.O. Carlson, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference to the Plaintiff need for safety. Causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

240. Defendant Lt Hann, failure to act on knowledge of a substantial risk of

serious harm to Plaintiff, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference and the Plaintiff need for safety. Thereby causing the Plaintiff physical injury, Extreme Emotional Distress and Mental Anguish.

241. Defendant Lt. Murphy, failure to act on knowledge of a substantial risk of serious harm to Plaintiff, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference and the Plaintiff need for safety. Thereby causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

242. Defendant Capt. Carry, failure to act on knowledge of a substantial risk of serious harm to Plaintiff, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference and the Plaintiff need for safety. Thereby causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

243. Defendant Dep. S.S.D. Wilkins, failure to act on knowledge of a substantial risk of serious harm to Plaintiff, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference and the Plaintiff need for safety. Thereby causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

244. Defendant Supt. T. Griffin, failure to act on knowledge of a substantial risk of serious harm to Plaintiff, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference and the Plaintiff need for safety. Thereby causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

245. Defendant IGP Stanaway, failure to act on knowledge of a substantial risk of serious harm to Plaintiff, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference and the Plaintiff need for safety. Thereby causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

246. Defendant I.G. Ortiz, failure to act on knowledge of a substantial risk of serious harm to Plaintiff, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference and the Plaintiff's need for safety. Thereby causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

247. Defendant I.G. Isaac, failure to act on knowledge of a substantial risk of serious harm to Plaintiff, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference and the Plaintiff's need for safety. Thereby causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

248. Defendant I.G. John Doe, failure to act on knowledge of a substantial risk of serious harm to Plaintiff, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference and the Plaintiff's need for safety. Thereby causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

249. Defendant Impostor Inspector General Keyser, failure to act on knowledge of a substantial risk of serious harm to Plaintiff, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference and the Plaintiff's need for safety. Thereby causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

250. Defendant Dep. ss. E. Burnett, failure to act on knowledge of a substantial risk of serious harm to Plaintiff, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference and the Plaintiff's need for safety. Thereby causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

251. Defendant Sgt. Rodriguez, failure to act on knowledge of a substantial risk of serious harm to Plaintiff, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference and the Plaintiff's need for safety. Thereby causing the Plaintiff Physical injury, Extreme Emotional Distress and Mental Anguish.

252. Defendant Sgt. Conforti, failure to act on knowledge of a substantial risk of serious harm to the Plaintiff's, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference to the Plaintiff's need for safety. Thereby causing the Plaintiff's physical injury and Extreme Emotional Distress and Mental Anguish.

253. Defendant C.O. V. Cruz, failure to act on knowledge of a substantial risk of serious harm to the Plaintiff's, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference to the Plaintiff's need for safety. Thereby causing the Plaintiff's physical injury and Extreme Emotional Distress and Mental Anguish.

254. Defendant C.O. O. Chavers, failure to act on knowledge of a substantial risk of serious harm to the Plaintiff's, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference to the Plaintiff's need for Safety. Thereby causing the Plaintiff's physical injury and Extreme Emotional Distress and Mental Anguish.

255. Defendant C.O. Valle, failure to act on knowledge of a substantial risk of serious harm to the Plaintiff's, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference to the Plaintiff's need for safety. Thereby causing the Plaintiff's physical injury and Extreme Emotional Distress and Mental Anguish.

256. Defendant C.O. Tagliaffery, failure to act on knowledge of a substantial risk of serious harm to the Plaintiff's, violated the Plaintiff's Eighth Amendment right to be free from deliberate indifference to the Plaintiff's need for Safety. Thereby causing the Plaintiff's physical injury and Extreme Emotional Distress and Mental Anguish.

257. Defendant Dep. S.S.D. Wilkins, violated the Plaintiff's Fourteenth Amendment Denial of Due Process, by being bias against the Plaintiff's in the disciplinary hearing for the incident of February 10, 2015, rendering a guilty verdict solely based on support of Departmental and Institutional Loyalty, sentencing the Plaintiff to 270 days S.H.U. 365 Loss of Package, 365 Loss of Phone, 365 days Loss of commissary and 12 month loss of Good time, causing

the Plaintiff to suffer Extreme Emotional Distress and Mental Anguish.

258. Defendant Lt. Hann, violated the Plaintiff's fourteenth Amendment, Denial of Due Process, by being bias against the Plaintiff in multiple disciplinary hearings and rendering guilty verdicts soley based on support of Departmental and Institutional Loyalty, sentencing the Plaintiff to solitary confinement, loss of Package, loss of Phone and loss of Commissary, causing the Plaintiff to suffer Extreme Emotional Distress and Mental Anguish.

259. Defendant Lt. Murphy, violated the Plaintiff's fourteenth Amendment, Denial of Due Process, by being bias against the Plaintiff in multiple disciplinary hearings and rendering guilty verdicts soley based on support of Departmental and Institutional Loyalty, sentencing the Plaintiff to solitary confinement, loss of Package, loss of Phone and loss of commissary, causing the Plaintiff to suffer Extreme Emotional Distress and Mental Anguish.

260. Defendants Supt. T. Griffin, Dep. ss. E. Burnett, Dep. ss. D. Wilkins, Capt. Carry, Lt. Hann, Lt. Murphy, Sgt. Surber, Sgt. Rodriguez, Sgt. Miller, Sgt. Conforti, C.O. J. Erns, C.O. Chase, C.O. Carlson, C.O. Corey, C.O. Lorde-gray, C.O. Valle, C.O. Tagliaffery, C.O. Sullivan, Dr. Bentivegna, All violated the Plaintiff first Amendment by writing false documents soley based on support of Departmental and Institutional Loyalty, Causing the Plaintiff to suffer Extreme Emotional Distress, Pain and Mental Anguish.

261. Defendant Dr. Bentivegna, violated the Plaintiff Eighth Amendment Right to Medical care, by being medical deliberate indifference in the Plaintiff serious Medical need. Causing the Plaintiff to suffer unnecessary and wanton infliction of Pain, Extreme Emotional Distress and Mental Anguish.

262. Defendants Supt. T. Griffin, Dep. ss. E. Burnett, Dep. ss. D. Wilkins, Capt. Carry, Lt. Hann, Lt. Murphy, Sgt. Surber, Sgt. Rodriguez, Sgt. Miller, Sgt. Conforti, C.O. V. Cruz, C.O.O. Chavers, C.O. J. Erns, C.O. Chase, C.O. Valle, C.O. Tagliaffery, C.O. Corey, C.O. Carlson, C.O. Phillips, C.O. Brokaw, C.O. Lorde-gray, C.O. Sullivan, I.G. Ortiz, I.G. John Doe, I.G. Isaac, Impostor Inspector General Keyser, I.G. P. Stanaway, Dr. Bentivegna, all violated the Plaintiff's First Amendment, the Eighth Amendment and

fourteenth Amendment by Participating in an unwritten Practice of Retaliation, to tamper, Prevent the Plaintiff from being a witness in the investigation of Defendant C.O. V. Cruz arrest, Thereby Placing the Plaintiff under an unwritten Practice of Psychological Persecution and in a Practice to ignore Staff Misconduct grievances in order to circumvent and deny access to court. Causing the Plaintiff to Suffer Physical injury, Pain, Extreme Emotional Distress and Mental Anguish.

## VI. Exhaustion of Administrative Remedies

263. The Plaintiff claims arise while the Plaintiff were confine in Green Haven correctional facility. Green Haven correctional facility have a grievance Procedure. the grievance Procedure at the Green Haven correctional facility did not cover any of the claims. The Plaintiff did file grievances, about some of the events described in this complaint in Green Haven correctional facility.

264. The Plaintiff wrote a Grievances for the November 17, 2014 incident title: Receive Sergeant Review, Log #78405-14, Code #49. (Ex. B-1, B-2

265. The Plaintiff appeal the Defendant Supt. T. Griffin decision to C.O.R.C. on January 22, 2015. (Ex. B-3

266. On April 21, 2015, the Plaintiff appeal the Superintendent T. Griffin decision again because after multiple attemps to know the Progress of the above grievance, the Plaintiff never received the notice Stating when the appeal was received at C.O.R.C. (Ex. B-4

267. In May 13, 2015, the C.O.R.C. Made a decision for Grievance title: Receive Sergeant Review, Log #78405-14, Code #49. (Ex. B-5

268. The Plaintiff wrote another grievance for incident, November 17, 2014, title: Denied Lolipops w/straws, Log #78418-14, Code #30. (Ex. B-6, B-7

269. The I.G.R.C. did a Hearing and they Response was: I.G.R.C. Recommend that bin #4911 be attented to. (Ex. B-8

270. But the Plaintiff never got the option to Keep it or to send it home, so the Plaintiff never receive nothing.

271. The Plaintiff appeal this decision to the Defendant Supt. T. Griffin on December 11, 2014. (Ex. B-9

272. The Defendant Lt. Murphy send the Plaintiff a memorandum on behalf of Defendant Supt. T. Griffin. (Ex. B-10

273. The Plaintiff wrote another grievance for incident that happen on November 26, 2014, on February 18, 2015.

274. But first the Plaintiff wrote Dr. Ross of P.S.U. Mental Health on November 27, 2014, asking for a copy of the evaluation of November 26, 2014, and asking who authorized that evaluation. (Ex. B-11

275. Then the Plaintiff wrote another letter dated: November 28, 2014, to the Defendant Supt. T. Griffin, to the Inspector General office and other agencies about November 26, 2014 incident and some other incidents. (Ex. B-12

276. In December 2, 2014, the facility of Green Haven took $2.25 out the Plaintiff account and sent it to the central New York Psychiatric Center, for the November 26, 2014 evaluation, from Dra. Ross interview with the Plaintiff. (Ex. B-13

277. In December 22, 2014, They wrote the Plaintiff a memorandum from the office of the Defendant Supt. T. Griffin, subject: Staff Conduct. that says: This will acknowledge receipt of your letter concerning the above subject. Your letter has been forwarded to DSS Wilkins for action. You should be hearing from a staff member in the near future. (Ex. B-14

278. In December 29, 2014, the Plaintiff wrote Central New York Psychiatric Center. (Ex. B-15