279. In January 26, 2015, the Plaintiff wrote Dra. Ross at P.S.U. Mental Health, asking for the evaluation, asking who authorized it and what was says to be the Reason. (Ex. B-16

280. In February 12, 2015, the Plaintiff wrote Dra. Ross at P.S.U. Mental Health, asking for a copy of the evaluation. (Ex. B-17

281. In February 17, 2015, Kris Ellsworth, secretary 1 from P.S.U. wrote the Plaintiff a memorandum and sent the Plaintiff a copy of the Plaintiff evaluation from November 26, 2014 done by Dra. Ross. (Ex. B-18

282. In February 18, 2015, the Plaintiff wrote the grievance from November 26, 2014 incident. (Ex. B-19, B-20, J-26

283. In March 10, 2015, the Plaintiff wrote I.G.R.C. to sent them a copy of the evaluation done by Dra. Ross on November 26, 2014. (Ex. B-21, B-22, J-26

284. In March 18, 2015, the Defendant IGP Stanaway wrote the Plaintiff about the grievance from the incident of November 26, 2014, but never gave the grievance a title, Log number or code number. (Ex. B-23, J-26

285. In March 19, 2015, the Defendant IGP supervisor Stanaway wrote the Plaintiff about the above grievance of November 26, 2014 incident, sayin it was untimely but never gave the grievance a title, a Log number or code number. (Ex. B-24, J-26

286. In March 28, 2015, the Plaintiff wrote another grievance consolidating grievance from February 18, 2015 explaining the time limit exceptions for filing a grievance based on mitigating circumstance (e.g. timely attempts to resolve a complaint informally by the inmate ect.) in accordance with Directive *4040. (Ex. B-25, B-26, J-26, L-5

287. The Plaintiff never receive a title, Log number or code number for this Grievance. (Ex. J-26

288. And those Grievances have not been acknowledge or file. (Ex. J-26

289. The Plaintiff wrote Defendant IGP Stanaway Multiple letters about those grievances. (Ex. C-2, C-3, C-6, C-7, C-10, C-11, C-16, C-17, C-20, C-21

290. The Plaintiff wrote the Dep. Collado Multiple letters about those grievances. (Ex. C-22, C-23, C-25

291. The Plaintiff wrote the Dep. Lilley about this grievances. (Ex. C-27

292. The Plaintiff wrote Defendant Supt. T. Griffin about those grievances multiple times. (Ex. C-29, C-30, C-31

293. The Plaintiff sent Defendant Supt. T. Griffin a copy of those grievances with Dra. Ross Psychiatrist evaluation. (Ex. C-31

294. The Plaintiff sent Karen Bellamy C.O.R.C. in Albany a copy of those grievances with Dra. Ross Psychiatrist evaluation. (Ex. C-36

295. The Plaintiff wrote Karen Bellamy in Albany C.O.R.C. Multiple times to inform her about his grievances and to ask about the status of his grievances. (Ex. C-36, C-37

296. But the grievances that the Plaintiff wrote about the incident of November 26, 2014. dated: February 18, 2015 and March 28, 2015, Never got acknowledge or file.

297. In February 12, 2015, the Plaintiff wrote a grievance about the incident of February 10, 2015 and how the Plaintiff though that, that incident among other things had happen in Retaliation because the Plaintiff put on record (hearing tape number T2-15-0083) in front of Defendant Lt. Murphy about what happen between May 12 - June 11, 2014 in S.H.U. when they used the Defendant Impostor Inspector General Keyser to interrogate the Plaintiff. (Ex. B-27

298. The Plaintiff also wrote on that grievance how he had talk again with the Defendant Impostor Inspector General Keyser on November 5, 2014

and how he refuse to show the Plaintiff his identification, and how he told the Plaintiff to write his Office. (Ex. B-27

299. The Plaintiff also wrote breafly about the incident of november 26, 2014 on that grievance. (Ex. B-27

300. The Plaintiff also wrote on that grievance about how the Plaintiff had talk with Defendant I.G. Ortiz on January 15, 2015. (Ex. B-27

301. And the Plaintiff also wrote on that grievance about how the Plaintiff had talk with Defendant I.G. Isaac on January 30 or 31, 2015. (Ex. B-27, B-33, B-37

302. And the Plaintiff ask in that grievance, that he would like a Investigation for all those incidents. (Ex. B-27, B-33, B-37

303. In February 16, 2015, the Plaintiff wrote an Amendment to the grievance of incident from february 10, 2015. (Ex. B-28

304. In February 19, 2015 the Plaintiff wrote 2 amendments to the incidents from February 10, 2015. (Ex. B-29, B-30

305. In March 7, 2015, the Plaintiff wrote another grievance for the Retaliation by that administration and the Plaintiff talk on that grievance also about the appeal that he sent to the Defendant Supt. T. Griffin from the Misbehavior report (T2-15-0083) and how Defendant Capt. Carry affirmed it. (Ex. B-31

306. The Plaintiff also wrote on that grievance how the Defendant Dr. Bentivegna was treating the Plaintiff with Medical deliberate indifference. (Ex. B-31

307. Those 5 Grievances are consolidated on Grievance tittle: Assault Alleged, Log# 79280-15, Code# 49. (Ex. B-27, B-28, B-29, B-30, B-31, B-32

308. On April 14, 2015, the Plaintiff appeal the Grievances tittle: Assault Alleged, Log# 79280-15, Code# 49, to the Defendant Supt. T. Griffin. (Ex. B-33, B-34

309. On May 12, 2015, the Plaintiff appeal the Grievance tittle: Assault Alleged, Log#79280-15, code#49, to C.O.R.C. (Ex. B-35

310. On July 3, 2015, the Defendant Supt. T. Griffin Response to the Plaintiff grievance tittle: Assault Alleged, Log#79280-15, code#49. (Ex. B-36, J-21, J-22, J-34

311. On July 9, 2015, the Plaintiff appeal the Defendant Supt. T. Griffin decision for Grievance tittle: Assault Alleged, Log#79280-15, code#49., to C.O.R.C. (Ex. B-37

312. On October 21, 2015, C.O.R.C. Response to Grievance tittle: Assault by Staff. (Ex. B-38

313. In February 20, 2015 the Plaintiff wrote 2 grievances, one for incident of february 5, 2015. (Ex. B-39, B-40

314. And another one for incidents that happen on February 6, 2015, those grievances are consolidated under tittle: Denied Recreation, Log#79279-15, Code#23. (Ex. B-39, B-40, B-41

315. On April 21, 2015, the Plaintiff appeal the grievances tittle: Denied Recreation, Log#79279-15, Code#23, to the Defendant Supt. T. Griffin. (Ex. B-42

316. On May 28, 2015, the Plaintiff appeal the Grievances tittle: Denied Recreation, Log#79279-15, Code#23, to C.O.R.C. (Ex. B-43

317. The Plaintiff never got a Response about the Grievances title: Denied Recreation, Log#79279-15, Code#23, from the Defendant Supt. T. Griffin or from C.O.R.C.

318. In March 8, 2015, the Plaintiff wrote a grievance about a incident that happen in March 7, 2015, Grievance tittle: opened windows, Log#79491-15, code#24. (Ex. B-44, B-45, B-46

319. In June 10, 2015, the Plaintiff appeal Grievance tittle: opened windows, Log# 79491-15, Code#24, to the Defendant Supt. T. Griffin. (Ex. B-47

320. In July 9, 2015, the Plaintiff appeal this grievance tittle: Opened windows, Log#79491-15, code#24, to C.O.R.C. (Ex. B-48

321. The Plaintiff never got a Response about this grievance tittle: Opened windows, Log#79491-15, code#24, from the Defendant Supt. T. Griffin or C.O.R.C.

322. In March 14, 2015, the Plaintiff wrote a grievance tittle: send back two Books, Log#79490-15, Code#30. (Ex. B-49, B-50, B-51

323. In June 9, 2015, the Defendant Supt. T. Griffin Response to the Grievance tittle: send back two Books, Log#79490-15, code#30. (Ex. B-52

324. On June 10, 2015, the Plaintiff appeal the Defendant Supt. T. Griffin decision from Grievance tittle: send back two Books, Log#79490-15, Code#30, to C.O.R.C. (Ex. B-53

325. In June 16, 2015, the Plaintiff wrote another appeal to Grievance tittle: send back two Books, Log#79490-15, code#30, from Defendant Supt. T. Griffin decision, to C.O.R.C. (Ex. B-54

326. The Plaintiff never receive any response or decision about this grievance tittle: send back two Books, Log#79490-15, code#30, from C.O.R.C.

327. In March 14, 2015, the Plaintiff wrote a grievance for Discrimination and for a Calculated Retaliation. (Ex. B-55, B-56, B-57, J-8

328. The Plaintiff wrote Defendant IGP Stanaway Multiple times about this grievance. (Ex. C-2, C-10, C-11, C-16, C-17, C-20, C-21

329. In May 7, 2015, the Plaintiff wrote Dep. Lilley about the above grievance. (Ex. C-27

330. In June 10, 2015, the Plaintiff sent the Defendant Supt. T. Griffin a copy of the above grievance. (Ex. C-30

331. In May 12, 2015 and in July 17, 2015, the Plaintiff wrote Karen Bellamy and sent her a copy of the above grievance. (Ex. C-36, C-37

332. The Plaintiff never receive a tittle, log number or code number for the above grievance and was never file or acknowledge.

333. In March 22, 2015, the Plaintiff wrote a grievance about a incident that happen in March 21, 2015. (Ex. B-58

334. The Plaintiff receive a acknowledgement of receipt about the above grievance, without a tittle, Log number, or code number. (Ex. B-59

335. In March 24, 2015, the Plaintiff wrote a grievance for a incident that happen in March 24, 2015. (Ex. B-60

336. In March 31, 2015, the Plaintiff wrote a grievance about X-Rays ect. (Ex. B-61, L-7

337. The Plaintiff receive a acknowledgement of receipt for the above grievance tittle: Receive X-Ray, Log#79409-15, code#22. (Ex. B-61, B-62

338. But they never consolidate any other grievances to that tittle: Receive X-Ray, Log#79409-15, code#22. (Ex. B-62

339. The Plaintiff wrote Defendant IGP Stanaway multiple times about this grievances. (Ex. C-11, C-16

340. In April 28, 2015, the Plaintiff sent Defendant Supt. T. Griffin an appeal for grievance tittle: Receive X-Ray, Log#79409-15, code#22, and ask for another similar grievances that the Plaintiff wrote on April 11, 2015 about a incident that happen in April 6, 2015 to be consolidated with tittle: Receive X-Ray, Log#79409-15, code#22. (Ex. B-63, B-64

341. In May 7, 2015, I.G.R.C. Response to grievance tittle: Receive X-Ray, Log#79409-15, code#22, Saying: Recommended that Grievant receive proper Medical attention and care. (Ex. B-65

342. The Plaintiff check the box that say: I agree with the I.G.R.C. response and wish to appeal to the superintendent. (Ex. B-65

343. The Defendant Supt. T. Griffin Response to the above grievance and affirmed it. (Ex. B-66

344. On June 16, 2015, the Plaintiff appeal the decision of Defendant Supt. T. Griffin from grievance tittle: Receive X-Ray, Log#79409-15, code#22, to C.O.R.C. (Ex. B-67

345. The Plaintiff never receive any response or Decision from C.O.R.C. from the grievance tittle: Receive X-Ray, Log#79409-15, code#22.

346. In April 4, 2015, the Plaintiff wrote a grievance for a incident that happen in April 1, 2015. (Ex. B-68

347. The Plaintiff wrote Defendant IGP Stanaway Multiple times about the above grievance. (Ex. C-4, C-16, C-17, C-21

348. In May 7, 2015, the Plaintiff wrote Dep. Lilley about the above grievance. (Ex. C-27

349. In June 10, 2015, the Plaintiff sent the Defendant Supt. T. Griffin a copy of the above grievance. (Ex. C-30

350. In May 12 and July 17, 2015, the Plaintiff send Karen Bellamy in C.O.R.C. a copy of the above grievance. (Ex. C-36, C-37

351. And the Plaintiff never receive a tittle, Log number or code number for the above grievance, and that grievance was never file or acknowledge.

352. The Plaintiff did not wrote grievance for all them claims in this suit, Because the Plaintiff felt Helpless and trap under the administration unwritten Policy, Practice, custom of Psychological Persecution and Retaliation. (Ex. M-1, K-1, J-26, J-34

353. On August 22, 2014, the Defendant Dep. Burnett response to a letter from the Plaintiff. (Ex. C-38

354. On September 12, 2014, the Plaintiff wrote the Dep. O'neil. (Ex. C-39, C-41

355. On December 2, 2014, the Plaintiff wrote Dep. O'neil. (Ex. C-40

356. On December 23, 2014, the Plaintiff wrote the Disciplinary room. (Ex. C-42

357. On January 5, 2015, the Plaintiff wrote the contraban room. (Ex. C-43

358. The Plaintiff informed Defendant Supt. T. Griffin in November 25, 2014 with a letter tittle: "Please I need Your Help", about the corruption in that facility, and how the Plaintiff use to work under the supervision of Defendant C.O. V. Cruz and how after Defendant C.O. V. Cruz got arrested the Plaintiff experience threats, Harassments, Discrimination, was provoke, and felt that the administration was trying to entrap him, and the Plaintiff ask in that letter for a investigation. (Ex. C-34, L-1, L-2, E-1

359. On December 2, 2014, the Plaintiff sent to the Defendant Supt. T. Griffin, The Inspector General office and other agencies that same letter tittle; "Please I need Your Help" after typing it and notarize it. (Ex. C-35, L-1, L-2, E-1

360. The Plaintiff wrote a letter dated: November 28, 2014, tittle: very fishy officer (Malicious Person, use Bad intention against inmate, Evil conduct and Dangerous, complains against Defendant C.O. Valle and sent it to Defendant Supt. T. Griffin. (Ex. B-12, E-1

361. On hearing (T2-14-0903) Directed by Defendant Lt. Hann the Plaintiff talk about how he felt that Green Haven administration was Retaliating against the Plaintiff because of Defendant C.O. V. Cruz arrest situation. (Ex. J-15, L-9, C-46, C-47

362. On hearing (T2-14-0974) Directed by Defendant Lt. Murphy the Plaintiff talk about how he felt that Green Haven administration was retaliating against the Plaintiff because of Defendant C.O. V. Cruz arrest situation. (Ex. J-15, L-9

363. On hearing (T2-14-1018) Directed by Defendant Lt. Murphy the Plaintiff talk about the incident of November 26, 2014 and ask C.O. Croofot if he knew if the Plaintiff was part of a Investigation in the facility. (Ex. J-15, L-9, C-45

364. On hearing (T2-15-0036) Directed by Defendant Lt. Hann the Plaintiff ask the C.O. Weslie if he knew if the Plaintiff was part of a investigation of Green Haven, and the Plaintiff also talk about how the administration was retaliating against him. (Ex. J-15, L-9, C-44

365. On (T2-15-0083) Directed by Defendant Lt. Murphy the Plaintiff talk about the Defendant Impostor Inspector General Keyser and how he interrogate the Plaintiff, when the Plaintiff was on S.H.U. Between May 12 - June 11, 2014 ect. (Ex. C-48, C-49

366. On January 15, 2015, the Plaintiff appeal (T2-15-0036) hearing to Defendant Supt. T. Griffin, and the Plaintiff wrote: That he would like to ask for a Investigation for the way that he was continue to be treated, how that misbehavior report was use as a form of Intimidation, Retaliation, like to cause some kind of Mental fisical Breakdown that look to be even calculated. And Defendant Capt. Carry Affirmed it. (Ex. C-44, L-9

367. On January 17, 2015, the Plaintiff appeal (T2-14-1018) hearing to Defendant Supt. T. Griffin, and the Plaintiff wrote: That he want to Appeal that misbehavior report because it was being use as a form of Intimidation, Retaliation, like to cause some kind of Mental fisical Breakdown that look to be even calculated, and Defendant Capt. Carry Affirmed it. (Ex. C-45, L-9

368. On January 25, 2015, the Plaintiff appeal (T2-14-0903) hearing to Defendant Supt. T. Griffin and the Plaintiff wrote: That he was being intimidated, Harass with Malice intentions for reasons that the administration seem to know but refuse to intervine. And Defendant Capt. Carry affirmed it. (Ex. C-46, C-47, L-9, L-10

369. On February 4, 2015, The Plaintiff appeal (T2-15-0083) hearing to Defendant

Supt. T. Griffin, and the Plaintiff wrote: that he was appealing the decision of this ticket because, like stated on record, that incident was a result of Retaliation for recognizing and identifying a person from that facility that was used to Play the role of Inspector General when the Plaintiff was in S.H.U. from May 12 - June 11, 2014, and that misbehavior report was given to the Plaintiff a few days after once again idetified him in the area of the disciplinary hearing, and later that day the Plaintiff told Inspector General Ortiz about the Defendant Impostor Inspector General Keyser. The Plaintiff also ask for a investigation and Defendant Capt. Carry Affirmed it. (ex. C-48, C-49

370. On hearing (T3-15-0083) Directed by Defendant Dep. SS. D. Wilkins, the Plaintiff talk about how that incident of february 10, 2015 was for Retaliation because of what he put on Record in hearing (T2-15-0083) in front of Defendant Lt. Murphy ect. (Ex. L-10, C-48, C-49

371. On January 2 and 18, 2015, the Plaintiff sister Dayna L. Fabricio wrote the city of New York Department of Investigation complaining about the Plaintiff situation. And they Response the Plaintiff sister Dayna L. Fabricio and told her that they have fowarded her complaint to the New York state corrections Inspector General office. (Ex. D-1

372. On February 2, 2015, the Plaintiff sister Dayna L. Fabricio wrote the Federal Bureau of Prisons: Tittle: Voice a concern, Ederick Fabricio (Din: 97A2265) His life is in Danger. And they response: Thank You for your interest in the Federal Bureau of Prisons, your e-mail has been sent to the appropiate Department. (Ex. D-2

373. On February 18, 2015, the Plaintiff sister Dayna L. Fabricio wrote Dutchess County District Attorney William V. Grady a letter tittle: Please Help! Ederick Fabricio Life is in Danger - violation of Human Rights. (Ex. D-3

374. On February 17, 2015, the Plaintiff sister Dayna L. Fabricio wrote the commission of correction and they response the Plaintiff sister on February 19, 2015, that they had review the complaint and fowarded it to the appropiate agency for review and handling. (Ex. D-4

375. On February 18, 2015, the Plaintiff sister Dayna L. Fabricio wrote U.S. Department of Justice Criminal Division and Response on March 16, 2015. (Ex. D-5

376. On February 18, 2015, the Plaintiff sister Dayna L. Fabricio wrote U.S. Department of Justice Mail Referral unit Washington, D.C., and they Response on March 20, 2015. (Ex. D-6

377. On February 23, 2015, the Plaintiff sister Dayna L. Fabricio wrote U.S. Department of Justice civil Rights Division and they Response. (Ex. D-7

378. On March 12, 2015, the Plaintiff sister Dayna L. Fabricio wrote U.S. Department of Justice Federal Bureau of Investigation and they Response. (Ex. D-8

379. On March 12, 2015, the Plaintiff sister Dayna L. Fabricio wrote U.S. Department of Justice office of the Inspector General Investigation Division and they Response. (Ex. D-9

380. On March 13, 2015, the Plaintiff sister Dayna L. Fabricio wrote U.S. Department of Justice civil Rights Division and they Response. (Ex. D-10

381. On March 16, 2015, the U.S. Department of Justice office of Justice Programs office for civil Rights, Respond to a correspondence from the Plaintiff sister Dayna L. Fabricio. (Ex. D-11

382. On March 25, 2015, Mark j. Miller Deputy Chief of office of Special Investigation Respond to a letter from the Plaintiff sister Dayna L. Fabricio, after Governor Cuomo and Commissioner ANNUCCI ask him to do that. (Ex. D-12, J-48

383. On March 26, 2015, the U.S. Department of Justice civil Rights Division-Special Litigation section-PHB 950 Pennsylvania Avenue, NW Washington, D.C. Respond to a letter from the Plaintiff sister Dayna L. Fabricio. (Ex. D-13

384. On April 23, 2015, the New York State Police, Respond to a correspondence from the Plaintiff sister Dayna L. Fabricio. (Ex. D-14

385. On March 12, 2015, the Plaintiff sister Dayna L. Fabricio wrote the President Barak Obama and the U.S. Department of Justice civil Rights Division Respond On April 28, 2015. (Ex. D-15

386. On February 26, 2015, the Dep. Collado Respond to a correspondence from the Plaintiff sister Dayna L. Fabricio, saying Please be advised that your correspondence has been referred to the Defendant Dep. D. Wilkins for security services, for his action. (Ex. D-16

387. On April 5, 2015, the Plaintiff wrote the Dep. Collado. (Ex. C-22

388. On April 22, 2015, the Plaintiff wrote the Dep. Collado. (Ex. C-23

389. On April 28, 2015, the Dep. Collado Respond to the Plaintiff. (Ex. C-24

390. On April 29, 2015, the Plaintiff wrote the Dep. Collado. (Ex. C-25

391. On April 30, 2015, the Dep. Collado Respond to the Plaintiff. (Ex. C-26, J-17

392. On May 4, 2015, the Defendant Supt. T. Griffin Respond to a correspondence from the Plaintiff sister Dayna L. Fabricio. (Ex. C-28

393. On May 7, 2015, the Plaintiff wrote the Dep. Lilley. (Ex. C-27

394. On May 9, 2015, the Plaintiff wrote the Defendant Supt. T. Griffin about a letter the Plaintiff receive from him. (Ex. C-29

395. On May 12, 2015, the Plaintiff wrote Karen Bellamy in Albany C.O.R.C and sent her every Grievance and there appeals to that moment. (Ex. C-36

396. On May 7, 2015, the Plaintiff wrote Mr. Venettozzi in Albany. (Ex. C-50

397. On May 18, 2015, Mr. Venettozzi respond to the Plaintiff letter. (Ex. C-51

398. On May 18, 2015, the Lt. Deacon respond to the Plaintiff Letter to the

Defendant Supt. T. Griffin on behalf of Defendant Supt. T. Griffin. (Ex. C-32

399. On May 22, 2015, the Plaintiff wrote the Lt. Deacon. (Ex. C-33

400. On June 23, 2015, Mr. Venettozzi wrote the Plaintiff on behalf of the commissioner and in response to the Plaintiff letter of Appeal. And advised the Plaintiff that his superintendent Hearing of Hearing of April 17, 2015, was review and affirmed on June 23, 2015. (Ex. J-24,

401. On June 10, 2015, the Plaintiff wrote the Defendant Supt. T. Griffin. (Ex. C-30

402. On June 18, 2015, the District Attorney of Dutchess county forward a correspondence from the Plaintiff sister Dayna L. Fabricio, to the Inspector General office. (Ex. D-17

403. On July 11, 2015, the Plaintiff wrote the Defendant Supt. T. Griffin. (Ex. C-31

404. On July 17, 2015, the Plaintiff wrote Karen Bellamy in Albany C.O.R.C. and sent her a (20) page statement and Multiple other evidences ect. (Ex. C-37, E-1

405. On October 25, 2015, the Plaintiff wrote Dutchess county District Attorney william v. Grady and ask him to be Provided with information Pertaining to the Defendant C.O. V. Cruz ect. (Ex. D-18

406. On October 25, 2015, the Plaintiff wrote Dutchess county Attorney James M. Fedorchak and ask him to be Provided with information pertaining to the Defendant C.O. V. Cruz ect. (Ex. D-19

407. On October 29, 2015, the Senior Assistant District Attorney Sara Thompson respond, from a correspondence to the Inspector General office. (Ex. D-20

408. On November 9, 2015, the Plaintiff wrote to the Director Special Housing/Inmate Disciplinary Program in Albany. (Ex. C-53

409. On October 25, 2015, the Plaintiff wrote the Inspector General office

to request for documents pursuant to Freedom of Information & Public officer's Law § 84-94 et. seq. (Ex. D-21

410. The Inspector General office have never respond the Plaintiff request.

411. On October 26, 2015, the Plaintiff wrote the Assistant records Access officer in Albany to Request in compliance with Directive #2010, information and documents that are part of Public officers Law § 87. (Ex. D-22

412. On October 30, 2015, the senior Assistant county Attorney Christian R. Cullen respond to the Plaintiff FOIL request dated: October 25, 2015 and denied the Plaintiff FOIL request. (Ex. D-23

413. On October 30, 2015, the Bureau Chief Special Procecutions Matthew A. Weishaupt respond to the Plaintiff FOIL request dated October 25, 2015 and wrote that they ain't have no record pertaining to a "C.O. Cruz" and have no way of further searching the information provided. (Ex. D-24

414. On December 7, 2015, the Plaintiff wrote Dutchess county Attorney Christian R. Cullen FOIL requesting the Investigative reports DD5 reports Pertaining to the Arrest of the Defendant C.O. V. Cruz, (Ex. D-25

415. On December 7, 2015, the Plaintiff wrote Dutchess county District Attorney William V. Grady asking to be Provided with information to the Defendant C.O. V. Cruz arrest ect. (Ex. D-26

416. On December 7, 2015, Christian R. Cullen senior Assistant county Attorney wrote the Plaintiff and denied the Plaintiff FOIL request of the Investigative reports DD5 report Pertaining to the arrest of Green Haven correctional facility, officer Defendant C.O. V. Cruz. (Ex. D-27

417. On December 12, 2015, the Plaintiff wrote Dutchess county Attorney Christian R. Cullen to appeal the FOIL request decision Pertaining to arrest of Defendant C.O. V. Cruz ect. (Ex. D-28

418. On December 10, 2015, Christian R. Cullen senior Assistant county attorney wrote the Plaintiff and denied the Plaintiff FOIL request of the Investigative reports DD5 reports Pertaining to the arrest of Green Haven corr. fac. officer Defendant C.O. V. Cruz (Ex. D-29

419. On December 15, 2015, the Plaintiff wrote Dutchess county Attorney Christian R. Cullen to appeal the FOIL request decision pertaining the arrest of Defendant C.O. V. Cruz ect. (Ex. D-30

420. On December 14, 2015, David A. Kunca senior Assistant District Attorney from Dutchess county wrote the Plaintiff. (Ex. D-31

421. On December 18, 2015, James F. Fedorchak FOIL Appeals officer from county of Dutchess, wrote the Plaintiff denying the FOIL Appeal, and wrote the Plaintiff: You might try directing your inquiry to the New York state Police. (Ex. D-33

422. On December 19, 2015, the Plaintiff wrote Frank Petramale Senior Assistant District Attorney from Dutchess county who is the attorney Prosecuting Defendant C.O. V. Cruz and ask him for the FOIL request to the Investigative reports DD5 reports, and the Plaintiff send him a (20) statement and a lot of other evidence to show why he need that FOIL request. (E-1

423. On December 27, 2015, the Plaintiff wrote the Troop K. Headquarters Poughkeepsie station and ask for the FOIL request to the Investigative reports DD5 reports, and the Plaintiff sent them a (20) page statement and a lot of other evidence to show why he need Help from the Law. (Ex. D-35, E-1

424. On January 14, 2016, Captain Joseph M. Keane from Bureau of Criminal investigation wrote the Plaintiff that he had received the Plaintiff letter and fowarded it to the Inspector General office. (Ex. D-36

425. On January 14, 2016, Kimberly Sesselman, Administrative asst. wrote

the Plaintiff: subject: FOIL Log# 15-3589 & 15-3620, and then respond to the Plaintiff request as follow: Your request to obtain copies of a Department of corrections and community supervision office of Special Investigations file is denied, this investigation is currently open and ongoin. (Ex. D-37

426. On January 29, 2016, the Plaintiff wrote the office of counsel NYS Department of corrections and community supervision, as follow: Dear Sir/madam: I'M writing today because I would like to Appeal a FOIL Log# 15-3589 & 15-3620 Because they keep telling me and my Family that the office of special Investigation is investigating my situation, but since Inspector General Vega came to see me in March 17, 2015, nobody else had come to interrogate me about this investigation, nobody had contact my family to ask them any question, even after I had say and wrote, how the Defendant C.O.O. Chavers use to text message my sister and how my sister Dayna L. Fabricio use to text message the Defendant C.O.O. Chavers and how I use to call the Defendant C.O.O. Chavers through my Mother (Norma L. Rosario) 3-way, almost everyday. And asking this formal request for documents Pursuant to freedom of Information & Public officer's Law § 84-94 et. seq. would be very vital and helpful in Litigation as evidence, and also for character Reference. (Ex. D-38

427. On March 3, 2016, Donald E. Venettozzi - Director Special Housing / inmate disciplinary program wrote the Plaintiff and recommend him to submit his request about his copies of his appeal papers submitted of Superintendent Hearing of April 17, 2015, to Chad Powell Administrative Assistant, FOIL unit. (Ex. C-54

428. On March 20, 2016, the Plaintiff wrote Chad Powell Administrative Assistant, FOIL unit and ask for copies of the appeal papers documents ect. from his Superintendent Hearing of April 17, 2015. (Ex. D-39

429. On May 17, 2016, the Plaintiff wrote the office of counsel, to appeal a request asking for copies of the appeal papers, documents ect. from

his Superintendent Hearing of April 17, 2015. (Ex. D-40

430. On June 13, 2016, the Plaintiff wrote the office of Special Investigation and send them copies of (2) affidavits: one from Orlando Piletas # 00A2193, and another one from Francisco Hernandez # 02A5438. (Ex. D-42, D-43, D-44

431. On March 31, 2016, the Plaintiff wrote the office of Special Investigation and send them copies of (2) affidavits: one from Osvaldo Rosario # 10A0117 and another one from Kevin Zimmerman # 94A0463. (Ex. D-45, D-46, D-47

432. The Plaintiff receive from Chad Powell administrative Assistant FOIL office, the FOIL Log # No. 16-1013 dated: 7-15-16. (Ex. D-48

433. On June 27, 2016, the Plaintiff sent the clerk of Dutchess court county, the District Attorney of Dutchess court county, Troop K. Headquarters of Poughkeepsie, a felony complaint.

434. On July 9, 2016, the Plaintiff Respond the supreme & county courts county of Dutchess office of the chief clerk and sent them again the felony complaint with a letter requesting that this court accept the complaint for filing, instruct the District Attorney of Dutchess county and the Troop K. Headquarters to investigate my allegations ect. or in alternative impanel a Grand Jury and allow me to Present Evidence Pursuant to Sackinger v. Nevins 451 N.Y.S. 2d 1005; Artis v. Keegan 354 N.Y.S. 2d 504 <Co. Ct. 1974> People v. Vladik 547 N.Y.S. 2d 539 <Dist. Ct. 1989>; CPL § 1.20 Subd. <17>... CPL § 100.05... CPL 100.10 Subd. <5>. (Ex. D-58

435. In July 14, 2016, the Sr. Inv. Retrosi from the office of Special Investigation came to see the Plaintiff, and the Plaintiff told Sr. Inv. Retrosi more-less everything that happen to him and the corruption that he witness in Green Haven corr. fac. ect., and what happen to him at Elmira.

436. The Plaintiff receive a correspondence dated: July 13, 2016, from Scott P. Coburn Mayor Bureau of Criminal Investigation, sayin that he had receive the Plaintiff correspondence dated: 6-27-16 (that was the felony complaint) and

he says that he have fowarded it to the Inspector General's office, as matter would come under their jurisdiction. (Ex. D-52

437. On July 22, 2016, the Plaintiff sent the same felony complaint that he sent to the court county clerk, and the District Attorney from Dutchess county and the Troop K. Headquarters, to Mr. Hon. Eric Schneiderman office of the Attorney General, and the Plaintiff also sent him both Responses from the Supreme & county courts of Dutchess office of the chief clerk, dated: July 5, 2016 and July 19, 2016, and also the responses from the Troop K. Headquarters dated: July 13, 2016, with a letter dated: July 22, 2016. (Ex. D-54

438. On August 18, 2016, the Plaintiff sent the office of the Assistant Attorney General, civil Division, Department of Justice, tenth street and Pennsylvania avenue n.w. Washington, D.C. 20530, the felony Complaint that he sent to the Dutchess county court clerk ect. and the responses ect. (Ex. D-55

439. The Plaintiff receive from the Public Integrity Bureau a correspondence dated: August 30, 2016, Re: complaint #16-1559. that says: Dear M. Maher: the attached correspondence was receive by the Attorney General's office. After an initial review of the documents, we have determined that the issue Mentioned pertain to your office. Accordingly, we are referring this Material to you for whatever action you deem appropriate. (Ex. D-56

440. On October 2, 2016, the Plaintiff sent the chief, Robert Moosey - U.S. Department of Justice civil Rights Division criminal section, a copy of the felony Complaint that the Plaintiff had sent to the Dutchess county clerk, the District Attorney, Attorney General and the Troop K. Headquarters and their responses ect. (Ex. D-57

441. On September 23, 2016, the Plaintiff sent the Supreme court of Dutchess county a Article 7804 to challenge why the clerk Kendall of Dutchess Local town court did not accept or file the Plaintiff felony Complaint, mail to that clerk office for filing Pursuant to CPL § 100.55 subd. <6>; Judiciary Law § 255.

442. On October 4, 2016, the Hon. Maria G. Rosa from the Supreme court of Dutchess, sent the Plaintiff a Order to show cause for the case against County clerk Bradfor Kendall, with a Index no. 2117/16.

443. On December 19, 2016, the Plaintiff receive from the Hon. Maria G. Rosa Supreme court Justice office, a letter dated: 12-15-16 and closed the action pending under number 2117/16.

444. On December 22, 2016, the Plaintiff sent the Supreme court of Dutchess Local Town court a article 78 because (Bradford Kendall) did not accept or file the Plaintiff felony complaint mailed to that clerk's office for filing pursuant to C.P.L. § 100.55 subd. <6>; Judiciary Law § 255.

445. On January 8, 2017, the Plaintiff sent a letter to the Office of Special Investigation requesting a FOIL request: from the Plaintiff grievance tittle: "Assault by Staff," Log # GH-79280-15, code # 49, because till this day the office of Special Investigation have not sent the Plaintiff any Decision about those 5 consolidated grievances under that tittle. (Ex. D-59

446. On January 17, 2017, the Plaintiff receive from the County of Dutchess supreme court a Granted Decision to proceed with the Article 7804 vs. Kendall Bradford Index no. 0020/2017 dated: 1-12-17.

447. On January 18, 2017, Around 8:00 P.m., they took the Plaintiff to the second floor of the clinic with a C.O. escort, and put him in a room where there was two Investigators from the office of Special Investigation, one says that his name was Orchid and the other one, the Plaintiff could not understand his name. And the Plaintiff told them everything that happen to him in Green Haven corr. fac. and in Elmira corr. fac. to that moment.

448. On February 6 and 8, 2017, the Plaintiff wrote the Assistant Records Access officer from the Department of corrections and community supervision, in Albany N.Y., to FOIL request the Investigation reports & Determination from the consolidated Grievances tittle: Assault By Staff, Log # 79.280-15, code # 49. (Ex. D-60

449. The Plaintiff receive from the Administrative Aide FOIL unit Sandra Catalfamo a Response dated: February 17, 2017, saying the Investigation you are requesting from the Department of corrections and community Supervision office of Special Investigations remains open and ongoin and they have advised me that they will provide this office with the investigation when it is finalized and closed. (Ex. D-61

450. On March 3, 2017, the Plaintiff wrote the FOIL officer of Green Haven corr. fac. to request: 1) a copy of the log entry reflecting the Personel that visited the Special Housing unit during the period of May 12 thru June 11, 2014, 2) the log book of facility entrance reflecting the Personel that worked on November 5, 2014, 3) the log book entry of facility entrance reflecting the personel that worked on January 15, 2015. (Ex. D-62

451. On March 4, 2017, the Petitioner wrote the FOIL officer of Upstate corr. fac. to request: 1) a copy of the log book of facility entrance reflecting the Personel that worked on June 3, 2015. (Ex. J-20, D-63

452. On March 16, 2017, the Plaintiff wrote a letter to the office of Special Investigation to help them with the ongoin investigation from the FOIL Log no. CO-0198-17. (Ex. D-64

453. The Plaintiff receive from Green Haven corr. fac. FOIL office a acknowledge of receipt dated: March 17, 2017, from FOIL request # GH-256-17, But did not acknowledge the most important request: a copy of the log entry reflecting the personel that visited the Special Housing Unit during the period of May 12-thru June 11, 2014. (Ex. D-65

454. On March 28, 2017, the Plaintiff appeal to the office of counsel the denial of access to the copy of the log entry reflecting the Personel that visited the Special Housing unit during the period of May 12 thru June 11, 2014 and the 2 request from the FOIL request Log no. GH-256-17, and the Plaintiff sent a copy of that appeal to Robert J. Freeman, Director, Committe on Open Government one commence Plaza, 99 Washington ave, Albany, N.Y. 12231. (Ex. D-66

455. The Plaintiff receive from Upstate corr. fac. T Nelson FOIL officer a response from the FOIL request # UST-0455-17 dated: 4/10/17, and was not the FOIL request that the Plaintiff was asking about.

456. Dated: May 4, 2017, the Plaintiff sent the supreme court, Albany county 16 Eagle street Albany, New York 12207, a Article 78 with documents, against commissioner ANTHONY J. ANNUCCI and Dep. commi-ssioner and counsel of state kevin P. Bruen, for the denial to access to FOIL request, by them and Green Haven corr. fac.. (Ex. D-67

457. The Plaintiff receive from the supreme court of Albany. Hon. Denise A. Hartman a Order to show Cause (for the case v. ANTHONY J. ANNUCCI and Kevin P. Bruen index NO. 3136-17, dated: May 22, 2017. (Ex. D-68

VII. Prayer for Relief

458. A declaration that the acts and omissions described herein violated Plaintiff rights under the constitution and Laws of the united states.

459. Compesatory damages in the amount of $125,000 against each defendant, jointly and severally.

460. Punitive damages in the amount of $125,000 against each defendant.

461. Award the Plaintiff a nominal damage of two hundred fifty dollars ($250) Per day of illegal confinement for being found guilty in a bias Administrative hearing.

462. A Jury trial on all issues triable by jury.

463. Plaintiff's cost in this suit.

464. Any additional relief this court deems just, Proper and equitable.

465. A injunctive relief Mandato.

Respectfully Submitted

Ederick Fabricio

EDERICK Fabricio #97A2265

## Verification

I have read the foregoin complaint and hereby verify that the Matters alleged therein are true, except as to those based on information and belief, and even as to those Matters I believe them to be true and correct.

Ederick Fabricio

EDERICK Fabricio
97A2265
ELmira correctional Facility P.O. Box 500
ELmira, New York
14902-0500

Sworn To Before me this
16 Day of June 2017

[signature]

NOTARY PUBLIC

STEVEN D. LEE
NOTARY PUBLIC, STATE OF NEW YORK
CHEMUNG COUNTY, LIC. # 01LE6231045
COMMISSION EXPIRES NOV. 15, 20 18

# AUTHORIZATION

I, EDERICK FABRICIO am declaring under Penalty of Perjury that I am delivering this complaint to my sister Dayna L. Fabricio 18200 Carr. 3 C-314 Alborada Canóvanas Puerto Rico 00729, with the Purpose that she is goin to Mailed this complaint on my behalf to the Pro Se clerk - United state District Court southern District of New York 500 Pearl street, Room 200 New York, New York 10007.

Ederick Fabricio
EDERICK Fabricio
97A2265
Elmira correctional
Facility P.O. Box 500
Elmira, New York
14902-0500

SWORN TO Before me this
16 Day of June 2017

NOTARY PUBLIC
STEVEN D. LEE
NOTARY PUBLIC, STATE OF NEW YORK
CHEMUNG COUNTY, LIC. # 01LE6231045
COMMISSION EXPIRES NOV. 15, 20 18

# Exhibit A



Exhibit: A-1



Exhibit: A-2



Exhibit: A-3



# Exhibit B

EXHIBIT B

To: I.G.R.C. Supervisor
From: EDerick Fabricio #97A2265
Date: 11/26/14

Exhibit: B-1

Describsión del Problema:

Yo ya escribi este complain y fue puesta en el buzón el dia 18 de este mes, pero como no recibido respuesta lo estoy escribiendo de nuevo. Bueno el dia 17 de noviembre yo fui al area de paquetes y cuando la oficial me dijo que que queria hacer con el paquete por que no lo podia tener, yo le pregunte que si podia ver la bolsa de paletas y al verla le pregunte por que no la podia tener y ella me dijo por que las paletas tenian palitos, so yo le dije que por favor me dirijiera a la directiva donde decia eso y ella me empezo a gritar que ella no tenia tiempo para eso, so yo le pregunte que llamara a un sargento y me grito lo mismo, so yo le pregunte su nombre y ella cojio y me cerro la ventana, so yo me vire y le dije a Smith que llamara a un sargento por favor y el trato de convencerme de que dejara eso por una bolsa de dulce, luego el me dijo que esperara en el bullpen, cuando viene de reporte el Sgt Comforti gritando como con mas de 15 oficiales diciendome que me fuera por que ya el lo habia revisa y yo le dije que si el vino a intimidarme ó tirarme ó arreglar el problema, porque me tenian hasta rodeado, y el me dijo que me fuera antes de que se pusiera mas feo la cosa

Action Request:

EDerick Fabricio

c.c. File

Exhibit: B-2

INMATE GRIEVANCE RESOLUTION COMMITTEE
ACKNOWLEDGEMENT OF RECEIPT

TO: Fabricio DIN 97A2265 LOC: A5-262

FROM: IGRC OFFICE: Incident date: 11/17 Action Request: ✓ Signature: ✓

CODE 49 TL30 TITLE: Receive Sergeant Review

This notice is to inform you that your grievance has been received by this office on 11/26. It has been given the log number GH 78405-14

Your log number, DIN, and cell location must be included on any inquiry made concerning your grievance.

Upon completion of an investigation into your grievance, you will be scheduled for an IGRC hearing. According to Directive #4040 if you do not appear for the hearing without a legitimate reason, the IGRC will hold a hearing in absentia.

If your grievance is numbered as part of a consolidated issue, you may or may not be called for a hearing. However, you will receive a copy of the grievance committee's decision, and you may appeal any decision in accordance with Directive #4040.

Directive #4040 701.3(a) *Inmate's Responsibility*. An inmate is encouraged to resolve his complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance. Although a facility may not impose pre-conditions for submission of a grievance, the failure of an inmate to attempt to resolve a problem on his own may result in the dismissal and closing of a grievance at an IGRC hearing.

*Notice of Return: *Please resubmit with correction requested.*

Please be advised that your grievance received on ________, is being returned to you "via callout" for one or more of the following reasons. You will be placed on a callout to meet with an IGRC Inmate Representative to make any necessary corrections.

✓ No action request, please indicate one.

___ No incident date noted.

___ No signature

___ Non-grievable per Directive #4040

___ Unable to understand handwriting.

DEC 5 2016

___ Other (as indicated below):

NO ACTION REQUEST

IGP Supervisor Stanaway *Stanaway* Date: 12/2

Grieva FABRICIO Number 97A2265 Cell A5-262 Exhibit: B-3

| State of New York Department of Corrections and Community Supervision | Grievance Number 76405-14 | Date Filed 12/5/2014 |
|---|---|---|
| | Title RECEIVE SGT. REVIEW | Code 49 |
| Inmate Grievance Program | Superintendent's Signature [signature] Supt | Date 1/12/14 |

The grievant complains of harassment.

According to the investigation the grievant was interviewed by lt. Deegan on 1/5/15. The grievant offered no witnesses and had nothing further to add to his complaint. CO Sm. was interviewed by Lt. D. and his written statement indicates that the grievant was given a direct orde to leave the Package Room area. When the grievant refused Sgt. C. was called. Sergeant C. was interviewed by Lt. D. and a written statement has been obtained. Sgt. C. is the Package Room Sergeant. The grievant verbally requested to speak with the Sergeant. Sgt. C states that he explained the proper procedure for a Sergeant Review to the grievant. Sgt. C. states that at no time did he try to harass, threaten or intimidate the grievant. Nor have him surrounded by more then 15 officers. The officer on duty in the Package Room ( CO S.) was interviewed by Lt. D. and a written statement has been obtained. CO S. states that the grievant became belligerant when told he had to request a Sergeant Review on form 2068, and it would be scheduled at a later time. CO S. states that at no time did she raise her voice to the grievant. According to this investigation the grievant's allegations could not be substantiated.

*** Grievance is denied only to the exent noted above.

Appeal Statement

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. Please state why you are appealing this decision to C.O.R.C.

Yo Apelo hoy la decision recibida ayer 1/21/15, por el Supt. Thomas Griffin. Yo me voy todavia por la verdad que yo escribi de los hechos pasados en 11/17/15. Y por qué cuando yo [illegible] a hablar con el Lt. Deegan en 1/5/15 el solo me dijo que todavia estaba investigando el caso que habian destruido la bolsa de dulce y yo le dije que a mi no me dieron ninguna opcion. el nunca me pregunto por testigos, y tengo muchos, ni me [illegible] testimonios de nadie.

Grievant's Signature [signature: Frick Fabricio] Grievant signature — Date 1/22/15

Grievance Clerk's Signature — Date

Form 2133 (Rev. 2/89)