UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
EDERICK FABRICIO,
                             Plaintiff,

v.

SGT. MILLER; C.O. CHASE; C.O. ERNS;
C.O. CARLSON; C.O. COREY; C.O.
PHILLIPS; C.O. BROKAW; and C.O. LORDE-
GRAY,
                             Defendants.
--------------------------------------------------------------x

**ORDER GRANTING REQUEST FOR PRO BONO COUNSEL**

16 CV 8731 (VB)

Briccetti, J.:

The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of trial in the above-captioned case. If pro bono counsel is found and retained, counsel shall file a Notice of Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The in forma pauperis statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. Id. Even if a court does believe that a litigant should have a lawyer, under the in forma pauperis statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172-73 (2d Cir. 1989).

In Hodge, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, see Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." Id. at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id.; see also Cooper, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed in forma pauperis (IFP), which the Court granted (Doc. #9), vacated because plaintiff paid the full filing fee (Doc. #11), and then again granted (Doc. #22). Plaintiff therefore qualifies as indigent.

The Court finds plaintiffs' claims are "likely to be of substance." Hodge, 802 F.2d 61-62. Plaintiff's amended complaint asserted First, Eighth, and Fourteenth Amendment claims against twenty-eight defendants. (Doc. #15). On March 16, 2019, the Court granted in part and denied in part defendants' partial motion to dismiss the amended complaint. (Doc. #101). Plaintiff's remaining claims include (i) excessive force against Sgt. Miller, C.O. Chase, C.O. Erns, C.O.

2

Carlson, C.O. Corey, C.O. Phillips, C.O. Brokaw, and C.O. Lorde-Gray; and (ii) failure to intervene against Sgt. Miller, C.O. Phillips, C.O. Brokaw, and C.O. Lorde-Gray. At an on-the-record conference held on December 20, 2019, defense counsel stated defendants did not intend to move for summary judgment.

The Court similarly finds the other Hodge factors weigh in favor of granting Plaintiff's application, including Plaintiff's ability to investigate crucial facts, the need for cross-examination at trial, and the complexity of legal issues. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." Hodge, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent plaintiff for the purpose of trial. The Court advises Plaintiff there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case pro se. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. See http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

To allow the Clerk time to locate pro bono counsel, the January 30, 2020, conference is adjourned to April 3, 2020, at 9:30 a.m.

The Clerk is further directed to (i) terminate the motion (Doc. #142) and (ii) mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: January 2, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge