**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EDERICK FABRICIO,

                          Plaintiff,                   Case No. 7:16-cv-08731-PMH

              v.

SGT. JEFFREY MILLER, C.O. JEFFREY
ERNS, C.O. KEITH CHASE, C.O. BRIAN
COREY, C.O. SEAN CARLSON, C.O. KEITH
BROKAW, C.O. REGINALD LORDE-GRAY,
and C.O. STANLEY PHILLIPS

                       Defendants,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the Local Rules of the this

Court, the parties submit herewith their requests to the Court to give the following instructions to

the jury, in addition to such other generally applicable instructions that the Court may give.

Pursuant to Federal Rule of Civil Procedure 51(a)(2)(A), the parties reserve their respective rights

to file supplemental jury instructions after the close of evidence.

**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

**A.      Preliminary Instruction No. 1: Introduction**

Members of the jury, now that you have been sworn in as our jury, we are about to begin

the trial of the case you heard about during the jury selection.  Before the trial begins, I am going

to give you instructions that will help you understand your duties as jurors and how you should

conduct yourself during trial.

During the trial you will hear me use a few terms that you may not have heard before.  Let

me briefly explain some of the most common to you.  The party who brings a lawsuit is called the

plaintiff.  In this action, the plaintiff is Mr. Ederick Fabricio.  The party being sued is called the defendant.  The defendants in this trial are Sgt. Jeffrey Miller, C.O. Jeffrey Erns, C.O. Keith Chase, C.O. Brian Corey, C.O. Sean Carlson, C.O. Keith Brokaw, C.O. Reginald Lorde-Gray, and C.O. Stanley Phillips.

Over the course of this trial, you will sometimes hear me refer to "counsel."  "Counsel" is another way of saying "lawyer" or "attorney."  I will sometimes refer to myself as the "Court."  When I say, "admitted into evidence" or "received into evidence," I have ruled that this particular statement or the particular exhibit may be considered by you in making decisions you must make at the end of the case.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented.  During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

From time to time during the trial, I may make rulings on objections or motions made by the lawyers.  It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible.  You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections.  When I "sustain" an objection, I am excluding that evidence from this trial.  When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.  If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inference or conclusions from the question.  You should not infer or conclude from any ruling or other comment that I may make that I have any opinions on the merits of the case favoring one side or the other.  I do not favor one side or the other.

During the course of the trial I may ask a question of the witness.  If I do, that does not indicate that I have any opinion about the facts in the case.

The lawyers are not allowed to speak with you outside the courtroom during the case.  If you see the lawyers at a recess or pass them in the hallway and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers outside of your hearing about questions of law or procedure.  Sometimes, you may be excused from the courtroom during these discussions.  I will try to limit these interruptions as much as possible, but I ask that you keep in mind the importance of the matter you are here to determine and ask that you will be patient even though the case may seem to go slowly.

Authority: 3 O'Malley, Grenig & Lee, Federal Jury Practice & Instructions ("Fed. Jury Prac. & Instr."), § 101:01, 30, 31, 49 (6th ed.); 4 Sand, Siffert, Loughlin, Reiss, Allen, Rakoff, Modern Federal Jury Instructions-Civil ("Modern Fed. Jury Instr.-Civil"); Model Civ. Jury Instr. 3rd Cir. 1.1-1.12 (2017) (adapted).

### B.        Preliminary Instruction No. 2: Order of Trial

The first step in the trial will be the opening statements.  In Plaintiff's opening statement, Mr. Fabricio's counsel will tell you about the evidence that Mr. Fabricio intends to put before you, so that you will have a preview of what his case is going to be.  It is important that you remember that the opening statement is not evidence or argument.  Its purpose is only to help you understand what the evidence will be and what Mr. Fabricio will try to prove.

After Plaintiff's opening statement, counsel for Defendants will make an opening statement.  Similarly, it is important for you to keep in mind that this opening statement is not evidence.  At this point in the trial, neither side has offered any evidence.

After both sides have made their opening statements, Mr. Fabricio will call his first witness or otherwise offer evidence that he says will support his claim against the Defendants.  Defendants' counsel will have an opportunity to cross examine Mr. Fabricio's witnesses.  After Mr. Fabricio has had a chance to show you his evidence, Defendants may present evidence on their behalf.  Plaintiff's counsel will then have an opportunity to cross examine Defendants' witnesses.

After you have heard all the evidence on both sides, counsel for Mr. Fabricio and counsel for Defendants will each be given time for their closing arguments.  Closing arguments are not evidence either.  In their closing arguments, the lawyers for Mr. Fabricio and Defendants will attempt to summarize their cases and help you understand the evidence that was presented.

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict.  After hearing my instructions, you will leave the courtroom together to make your decision.

Authority: Fed. Jury Prac. & Instr. § 101:02-03 (adapted).

### C.      Preliminary Instruction No. 3: Province of Judge and Jury

Now that I have described the trial itself, let me explain the jobs that you and I are to perform during the trial.

As members of the jury, you are the sole and exclusive judges of the facts of the case.  You pass upon the evidence, determine the credibility of the witnesses, and resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight that each piece of evidence should receive.

I will decide all questions of law that arise during the trial.  Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.  I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision.  In particular, you will decide whether Mr. Fabricio has proven, by a preponderance of the evidence, that Defendants violated the law.  You must base that decision only on the evidence in the case and my instructions about the law.

Authority: Fed. Jury Prac. & Instr. § 101:10 (adapted); Modern Federal Jury Instr.-Civil § 71.01, Inst. 71-3 (adapted).

### D.        Preliminary Instruction No. 4: Jury Conduct

To ensure fairness to the parties in this action, you must obey the following rules:  Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.  Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until after you have reached your verdict.  If someone should try to talk to you about the case before then, please report it to me immediately.

During the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  Do not do any research, such as checking dictionaries or searching the Internet, or make any investigation about the case, the parties, the witnesses, or the attorneys on your own.

Do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.  If you need to tell me something, simply give a signed note to the Courtroom Deputy to give to me.  To reiterate, during the course of the trial you will receive all the evidence you properly may consider to decide the case.  You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.

6

I expect you will inform me if you become aware of another juror's violation of these instructions.  The reason for these rules, as I am certain you will understand, is that your decision in this case must be made solely on the evidence presented at the trial.

<u>Authority</u>: Fed. Jury Prac. & Instr. § 101:11-13 (adapted).

### E.        Preliminary Instruction No. 5: Evidence in this Case

The evidence in the case consists of the following: the sworn testimony of the witnesses, no matter who called the witness; all exhibits received in evidence, regardless of who may have produced the exhibits; and all facts that may have been judicially noticed, admitted by the parties or stipulated to between the parties, and that you must take as true for purposes of this case.

Depositions may also be received in evidence.  Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions.  Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation of fact.  A "stipulation" is an agreement between both sides that a certain fact is true.  When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case.  But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified.  You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony.  I urge you to pay close attention to the testimony as it is given.

<u>Authority</u>: Fed. Jury Prac. & Instr. § 101:40 (adapted).

**INSTRUCTIONS AFTER TRIAL**

## I.     GENERAL INSTRUCTIONS

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions and apply them to the facts as you determine them.  On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from that which I present to you in my instructions, it is my instructions that you must follow.

In considering these instructions, you should not single out any particular instruction as stating the law.  Rather, you should consider my instructions in their entirety.

You should also not be concerned about the wisdom of any rule that I state to you.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base your verdict upon any view of the law other than that which I give to you.  My instructions will proceed in three parts.

First:  I will give you instructions about the general rules that define and govern the duties of a jury in a civil case;

Second:  I will instruct you as to the legal elements of the causes of action relevant to this case; and

Third:  I will give you some general rules regarding your deliberations.

Authority:  Modern Federal Jury Instr.-Civil § 71.01, Inst. 71-2 (adapted); Fed. Jury Prac. & Instr. § 103.01 (adapted).

A.      **Role of Jury**

As members of the jury, you are the sole and exclusive judges of the facts of the case.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve any conflicts that exist in the testimony.  You draw whatever inferences you decide are reasonable to draw from the evidence that has been presented to you.  And you determine the weight that each piece of evidence should receive.

In determining these issues, no one may invade your functions as jurors.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions does not control how you should construe evidence.  Nor should anything that I have said during the course of the trial—or any ruling that I have made—be taken by you as any indication of my opinion as to the facts of the case or what your verdict should be.  If you felt that my actions conveyed an opinion about the case, you are not obliged to follow it.

You must perform your duties as jurors without bias or prejudice as to any party.  You must follow the law as I give it to you, whether you agree with it or not.  The law does not permit you to be governed by sympathy, prejudice, or public opinion.  You are to treat all parties equally.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

Authority:  Modern Federal Jury Instr.-Civil § 71.01, Insts. 71-3 & 71-5 (adapted); Fed. Jury Prac. & Instr. §103.01; *Draper v. Denmo*, 113 F. Supp. 290, 293–94 (S.D.N.Y. 1953).

**B.        All Persons Equal Before the Law**

This case should be considered and decided by you as an action between parties of equal standing in the community and of equal worth.  You are to evaluate the evidence calmly and objectively, without prejudice or sympathy.  You must be completely fair and impartial in your deliberations.  Your verdict must be based solely on the evidence developed at trial, or the lack of evidence.  Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence presented.

Authority:  Modern Federal Jury Instr.-Civil § 71.01, Inst. 71-9 (adapted); Fed. Jury Prac. & Instr. § 103.11 (adapted).

### C.      Role of Counsel

You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, asked for a conference outside the hearing of the jury, or asked the Court to make a ruling of law.  It is the duty of the attorney on each side of the case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar, out of the hearing of the jury.  All of those questions of law must be decided by me.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 71.01, Inst. 71-6 (adapted).

### D.      Burden of Proof

This is a civil case.  As such, the plaintiff, Mr. Fabricio, has the burden of proving every disputed element of his claims by a preponderance of the evidence.  If you conclude that Mr. Fabricio has failed to establish his claims by a preponderance of evidence, you must decide against him on the issue that you are considering.

What does a "preponderance of the evidence" mean?  To establish a fact by a preponderance of the evidence, Mr. Fabricio must prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or the number of documents presented at trial.  In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having the burden of proof.  That is because the party bearing the burden must prove more than simple equality of evidence—he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proven by a preponderance of the evidence.

There are eight Defendants in this case.  Mr. Fabricio must satisfy his burden as to each Defendant.  If, for example, you find that Mr. Fabricio has satisfied his burden as to one Defendant, but not as to the other Defendants, then you must find in favor of Mr. Fabricio only against the

14

first Defendant, but you may not find in favor of Mr. Fabricio with respect to the other Defendants.

Some of you may have heard of proof beyond a reasonable doubt. This is the proper standard of proof in a criminal trial, not a civil trial. Proof beyond a reasonable doubt does not apply in a civil case such as this one. Accordingly, you should put that standard of proof out of your mind as you begin your deliberations.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 73.01, Insts. 73-1 & 73-2 (adapted).

### E.       Evidence to be Considered

As I mentioned, as members of the jury, you are the sole and exclusive judges of the facts of the case.  In deciding what the facts are, you will look to the evidence that has been presented at trial.  Evidence comes in several forms:

1.       Sworn testimony of witnesses, both on direct and cross examination;

2.       Exhibits that the Court received into evidence; and

3.       Stipulated facts that have been read into the record.

On the other hand, certain things are not considered evidence.  Let me list them for you.

1.       Argument or statements by the lawyers are not evidence.  What the parties' lawyers said to you in their opening statements and in their summations is intended to help you understand the evidence, but the lawyers' statements themselves are not evidence.  If your recollection of the facts differs from the lawyers' statements, it is your recollection—not the lawyers' statements—that controls.

2.       The questions put to the witnesses are not evidence.  It is the witnesses' answers to questions that are evidence, not the questions themselves.

3.       Objections to questions are not evidence.  As I mentioned, the attorneys for the parties have a duty to object when they believe that evidence should not be received by the Court. You should not be influenced by a lawyer's objection or by the Court's ruling on it.  If the objection was sustained, you should ignore the question.  If the objection was overruled, you should treat the witness's answer to the question like you would any other answer.

4.       Anything the Court may have said, including these instructions, is not evidence.

5.       Testimony that has been excluded, stricken, or that you have been instructed to disregard is not evidence.  Similarly, if certain testimony was received for a limited purpose—such as for the purpose of assessing a witness's credibility—you must follow the limiting instructions

16

that I gave you.

6.      Finally, anything that you may have seen or heard outside the courtroom is not

evidence.

Authority:  Modern Federal Jury Instr.-Civil § 74.01, Inst. 74-1 (adapted); Fed. Jury Prac. & Instr. §§ 103.30, 103.33, 103.34 (adapted).

### F.       Direct and Circumstantial Evidence

There are different kinds of evidence: direct and circumstantial evidence.

Direct evidence is when a witness testifies about something that he knows by virtue of his own senses—something that he has seen, felt, touched, or heard.

Circumstantial evidence is evidence that tends to prove a disputed fact through the proof of other facts.  Here is a simple example of circumstantial evidence.  Assume that when you came into the courthouse today, the sun was shining and it was a nice day.  Assume that the courtroom blinds were drawn and you could not look outside.  As you were sitting here, someone walked in with an umbrella, which was dripping wet.  Then, a few minutes later, another person also entered the courtroom with a wet umbrella.  Now, you cannot look outside the courtroom, and you cannot see whether or not it is raining.  So you have no direct evidence of that fact.  But based on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  You infer, on the basis of reason and experience and common sense, from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no lesser value than direct evidence.  The law makes no distinction between direct evidence and circumstantial evidence.  Instead, the law simply requires that your verdict be based on a preponderance of all of the evidence presented, whether that evidence is direct or circumstantial in nature.

Authority:   Modern Federal Jury Instr.-Civil § 74.01, Inst. 74-2 (adapted); *United States v. MacPherson*, 424 F.3d 183, 190 (2d Cir. 2005).

### G.      Inferences

Let me speak for a moment about inferences.

During the trial, you have heard the attorneys use the term "inference," and in their arguments, they have asked you to "infer," on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

To be clear, an inference is not a suspicion or a guess.  Rather, it is a reasoned, logical conclusion that a disputed fact exists on the basis of some other fact that has been shown to exist.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or a conclusion that you, the jury, are permitted to draw—but not required to draw—from the facts that have been established either by direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.  So, while you are considering the evidence presented to you, you are permitted to draw—from the facts which you find to have been proven—such reasonable inferences as would be justified in light of your experience.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 75.01, Inst. 75-1 (adapted).

### H.     Witness Credibility

Over the course of the trial, you have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and the importance to assign to his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies?  You watched each witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Did he or she appear to be frank, forthright, and candid, or evasive and edgy, as if hiding something?  Often, it is not what a person says, but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own

20

life experience.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 76.01, Inst. 76-1 (adapted).

I.        **Bias**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 76.01, Inst. 76-2.

J.        **Impeachment by Prior Inconsistent Statements**

You have heard evidence during the trial that, at some earlier point in time, the witness said or did something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability.  Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

Authority:  Modern Federal Jury Instr.-Civil § 76.01, Inst. 76-5; *N.L.R.B. v. Quest-Shon Mark Brassiere Co.*, 185 F.2d 285, 289 (2d Cir. 1950).

**K.      Impeachment by Felony Conviction (if applicable)**

You have heard the testimony of Mr. Fabricio, who was previously convicted of a felony.

This prior conviction was put into evidence only for you to consider it in evaluating Mr. Fabricio's

character for truthfulness.  You may not consider this evidence for any other purpose.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 76.01, Inst. 76-6 (adapted); Fed. R. Evid. 609(a).

**L.       Deposition Testimony (if applicable)**

Some of the testimony before you is in the form of depositions that have been received into evidence.  A deposition is simply a procedure where, prior to trial, the attorneys for one side may question a witness or an adversary party under oath before a court stenographer.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

Authority:   Modern Federal Jury Instr.-Civil § 74.07, Inst. 74-14 (adapted); *In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 635 F.2d 67, 73 (2d Cir. 1980).

**M.      Stipulations**

The attorneys for the parties have entered into stipulations concerning certain facts that are relevant to this case.

A stipulation of fact is an agreement among the parties that a certain fact is true. Accordingly, you should regard such facts as true.  What weight to give those facts, however, is entirely up to you.  Once again, you are the sole judges of the facts of the case and you decide what weight to give those facts.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 74.02, Inst. 74-4 (adapted).

### N.      All Available Witnesses or Evidence Need Not Be Produced

- **Defendants' Proposed Instruction**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Each party has had an equal opportunity to call any witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what any uncalled witnesses would have testified to had they been called.  The absence of any witnesses should not affect your judgment in any way.

<u>Authority</u>: Taken from the charge given in *Vidal v. Lampon*, No. 16-cv-5006 (JCM) (S.D.N.Y.) (ECF No. 95).

**<u>Plaintiff's Objection to Defendants' Proposed Instruction</u>:**  Plaintiff objects to the second paragraph of Defendants' proposed instruction.  Certain Defendants and third-party witnesses reside beyond the Court's subpoena power, and thus Plaintiff cannot compel them to appear at trial.

## II.      PRINCIPLES OF LAW

### A.      Introductory Remarks

I will now discuss the second part of these instructions: the principles of law that you must apply to the facts as you determine them.

Mr. Fabricio's claims are brought under the Civil Rights Act of 1871, which is also known as Section 1983 of Title 42 of the United States Code.  This is a federal civil rights law that provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

In this case, Mr. Fabricio brings two causes of action under Section 1983.  First, Mr. Fabricio alleges that defendants Chase, Erns, Brokaw, Corey, and Carlson, while acting under color of state law, deprived him of a right protected by the United States Constitution—namely, his right to be free from cruel and unusual punishment under the Eighth Amendment.  More specifically, Mr. Fabricio alleges that defendants Chase, Erns, Brokaw, Corey, and Carlson violated his Eighth Amendment rights by using excessive force against him on February 10, 2015, while he was an inmate at Green Haven Correctional Facility.  The individual defendants deny they used excessive force.  You must consider the claims against each individual defendant separately.

Second, Mr. Fabricio alleges that defendants Lorde-Gray, Phillips, and Miller violated his Eighth Amendment rights by failing to intervene in the other Defendants' use of excessive force against him on February 10, 2015.  The individual Defendants deny that they failed to intervene in the use of excessive force.

The Defendants are represented by the same counsel.  You should, however, consider the evidence against each Defendant separately and ask with respect to each Defendant whether the plaintiff has proven the elements of his claim against the Defendant you are considering.  Each

Defendant is entitled to a fair consideration of the credible evidence relating to that Defendant, and is not to be prejudiced by any finding you make for or against another Defendant.

I will now proceed to explain the elements of each of Mr. Fabricio's claims.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-65 (adapted); 42 U.S.C. § 1983; *Hudson v. McMillian*, 503 U.S. 1 (1992); *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999); *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

### B.   Elements of a Section 1983 Claim

To establish his claims under Section 1983, Mr. Fabricio must establish, by a preponderance of the evidence, the following three elements:

First, that the acts complained of were committed by the Defendants acting under color of state law;

Second, that in committing these actions, the Defendants deprived Mr. Fabricio of a right protected by the Constitution of the United States; and

Third, that the Defendants' acts were the proximate cause of the injuries sustained by Mr. Fabricio.

I will explain each of these elements to you.

Authority:  Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-68 (adapted); *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *Gierlinger v. Gleason*, 160 F.3d 858, 872 (2d Cir. 1998).

**C.      First Element: "Under Color of State Law"**

As to the first element, a state employee who is acting in his or her official capacity is acting under color of state law.  Here, it is undisputed that, at the time of the February 10, 2015 incident, each of the individual Defendants was employed by the State of New York and was acting in his official capacity as a state corrections officer.  Therefore, I instruct you that the first element of Mr. Fabricio's Section 1983 claims has been met.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-70 (adapted); *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 88 (2d Cir. 2015).

### D.      Second Element:  Deprivation of Constitutional Right

- **Plaintiff's Proposed Instruction**

The second element that Mr. Fabricio must prove is that one or all of the Defendants deprived him of a federal constitutional right.  Mr. Fabricio alleges that Defendants violated his constitutional rights in two ways.  First, Mr. Fabricio alleges that Defendants Chase, Erns, Brokaw, Corey, and Carlson violated his constitutional rights by using excessive force against him.  Second, Mr. Fabricio alleges that Defendants Lorde-Gray, Phillips, and Miller violated his constitutional rights by failing to intervene in the other Defendants' use of excessive force.  I will address these alleged constitutional violations separately.

#### a)      Excessive Force

Mr. Fabricio claims that Defendants Chase, Erns, Brokaw, Corey, and Carlson used excessive force against him on February 10, 2015, and that, in doing so, violated his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment.

To establish that the Defendants used excessive force, Mr. Fabricio must satisfy two elements:  an objective requirement and a subjective requirement.

The objective requirement focuses on the actions of the individual Defendants.  To satisfy the objective requirement, Mr. Fabricio must prove that the Defendants' use of force against him was sufficiently serious to violate contemporary standards of decency.  This inquiry is context specific.  Not every harmful touch by a prison official gives rise to an excessive force claim.  At the same time, an inmate need not show a significant injury in order to establish a constitutional violation.  Even a slight use of force, under certain circumstances, may be so repugnant to the conscience that a prisoner may have a valid cause of action.

The subjective requirement focuses on the state of mind of the individual Defendants.  To

32

satisfy the subjective requirement, Mr. Fabricio must prove that the Defendants had a wanton state of mind when engaging in the alleged misconduct. In other words, Mr. Fabricio must prove that Defendants did not use force against him in a good-faith effort to maintain or restore discipline, but rather used force maliciously or sadistically to cause harm.

To act "maliciously" means to intentionally do a wrongful act without just cause or with an intent to inflict injury. To act "sadistically" means to inflict pain on the person for one's own pleasure. In determining whether the Defendants acted maliciously or sadistically, you may consider the following non-exclusive factors: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the Defendants; and (5) any efforts to temper the severity of a forceful response. The fact that Mr. Fabricio may have used force against the Defendants does not preclude you from ruling in Mr. Fabricio's favor.

Authority: *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Wright v. Goord*, 554 F.3d 255, 268–69 (2d Cir. 2009); *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992); *Griffin v. Crippen*, 193 F.3d 89, 91–92 (2d Cir. 1999); *Baskerville v. Mulvaney*, 411 F.3d 45, 47 (2d Cir. 2005)' *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999); *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993); *Jeanty v. County of Orange*, 379 F. Supp. 2d 533, 543–44 (S.D.N.Y. 2005).

### b)     Failure to Intervene

In addition to his excessive force claim, Mr. Fabricio alleges that Defendants Lorde-Gray, Phillips, and Miller violated his Eighth Amendment rights by failing to intervene in the use of excessive force against him by Defendants Chase, Erns, Brokaw, Corey, and Carlson.

A corrections officer who fails to intervene when his colleagues use excessive force against an inmate is responsible for the excessive force. More specifically, a corrections officer who fails to intervene is liable for the preventable harm caused by the actions of other officers, where the officer-defendant observes or has reason to know that excessive force is being used.

To prove that Defendants Lorde-Gray, Phillips, and Miller violated his Eighth Amendment

rights, Mr. Fabricio must establish each of the following three elements by a preponderance of the evidence:

First, that Defendants Chase, Erns, Brokaw, Corey, or Carlson deprived Mr. Fabricio of his federal constitutional rights by using excessive force against him;

Second, that Defendants Lorde-Gray, Phillips, or Miller observed or had reason to know that excessive force was being used against Mr. Fabricio; and

Third, that Defendants Lorde-Gray, Phillips, or Miller had a realistic opportunity to intervene to prevent the harm from occurring.

Authority: *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994).

**Defendants' Objections to Plaintiff's Proposed Instruction**:  Defendants object to Plaintiff's implication that the fact that Mr. Fabricio used the force first does not affect the jury's determination as to whether Defendants used excessive force.  On the contrary, the finding that Mr. Fabricio used force first will affect the jury's determination as to whether there was a need for the application of force, and in turn, whether Defendants acted maliciously or sadistically.  In *Jeanty v. County of Orange*, 379 F. Supp. 2d 533, 541 (S.D.N.Y. 2005), the court merely held that the reasonable trier of fact could find that plaintiff who suffered a spiral fracture of his left arm was subject to excessive force even if plaintiff was the first one to have assaulted defendants.  The injuries here, if any, are substantially different from the injuries allegedly suffered by plaintiff in that case, and the fact that Plaintiff first assaulted Defendants would be material in deciding whether Defendants used excessive force.

- **Defendants' Proposed Instruction**

The second element that Mr. Fabricio must prove is that defendants in committing the act complained of intentionally or recklessly deprived the plaintiff of a federal right.  The second element of each of the plaintiff's claims is that the specific defendants, in committing the acts complained of, intentionally or recklessly deprived the plaintiff of a federal right. In order for the plaintiff to establish this second element, he must show that the defendant's actions caused the plaintiff to suffer the loss of a federal right; and that the defendant performed these acts intentionally or recklessly, rather than accidentally.  A state official's failure to comply with state law or regulations does not in itself give rise to a federal constitutional claim; instead, federal constitutional standards define the federal right.

An act is intentional if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason.  Please note that intent can be proved directly or it can be proved by reasonable inference from circumstantial evidence.

An act is reckless if done in conscious disregard of its known probable consequences.  In other words, even if a defendant did not intentionally seek to deprive a plaintiff of the plaintiff's rights, if nevertheless he or she purposely disregarded the high probability that his or her actions would deprive the plaintiff of the plaintiff's rights, then the second essential element would be satisfied.

Mr. Fabricio alleges that defendants violated his constitutional rights in two ways.  First, Mr. Fabricio alleges that defendants Chase, Erns, Brokaw, Corey, and Carlson violated his constitutional rights by using excessive force against him.  Second, Mr. Fabricio alleges that defendants Lorde-Gray, Phillips, and Miller violated his constitutional rights by failing to

35

intervene in the other defendants' use of excessive force. I will address these alleged constitutional violations separately.

Authority: Jury Charge from *Iverson v. Surber*, No. 13 Civ. 633, (S.D.N.Y. (R.A.))Dkt. No. 222 ,pp. 496-497, 500-501 from January 25, 2018; Jury Charge from *Burns v. Griffin*, No. 16 Civ. 0782 (S.D.N.Y. (VB)) Dkt. No. 154, pp. 700-701 from March 29, 2019. (Transcript Available Upon Request).

### a)      Excessive Force

Mr. Fabricio claims that defendants Chase, Erns, Brokaw, Corey, and Carlson subjected him to excessive force on February 10, 2015, and that, in doing so, violated his constitutional right under the Eighth Amendment to be free from cruel and unusual punishment.

To establish a defendant engaged in the use of excessive force against him, the plaintiff must prove by a preponderance of the evidence each of the following: One, that force was used against him on February 10, 2015; two, that the level of force used was excessive; three, that the defendant used the excessive force against the plaintiff; and four, that the defendant acted intentionally or recklessly. In deciding this issue, I instruct you that you must consider each defendant individually. You may not consider the Officer defendants as a singular group.

In order to prove that the level of force was excessive, the plaintiff must show two things: The first focuses on the conduct's effect, and the second focuses on the officer's motive for his conduct. First, the plaintiff must show that the injuries inflicted were sufficiently serious. Whether the injuries were sufficiently serious by objective standards depends on the circumstances. The objective component is context-specific and turns upon whether the defendant's actions violated contemporary standards of human decency. Even if injuries from the use of force are minor, they are sufficiently serious if they involve an unnecessary and wanton infliction of pain. A minor use of force will rarely be excessive. After all, not every push or shove violates a person's constitutional rights. However, if force is used maliciously or sadistically to cause harm, that

constitutes a sufficiently serious use of force whether or not there is a significant physical injury.

Second, in order to prove that the level of the force was excessive, Mr. Fabricio must prove that the defendant you are considering had a wanton state of mind when engaging in the alleged misconduct. In other words, Mr. Fabricio must prove that the defendant you are considering did not use force against him in a good-faith effort to maintain or restore discipline, but rather used force maliciously or sadistically to cause harm.

To act "maliciously" means to intentionally do a wrongful act without just cause or with an intent to inflict injury. To act "sadistically" means to inflict pain on the person for one's own pleasure. In determining whether a Defendant acted maliciously or sadistically, you may consider the following non-exclusive factors: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the Defendant; and (5) any efforts to temper the severity of a forceful response.

An officer has a wanton state of mind if he does not apply force in a good-faith effort to maintain or restore discipline. Force applied maliciously and sadistically meets this standard, but an individual's act need not be malicious or sadistic to be actions taken in bad faith. To determine whether an officer acted with a wanton state of mind, you should consider the extent of the plaintiff's injuries, the need for the application of force, the correlation between that need and the amount of force used, the threat reasonably perceived by the defendant, and any efforts made by the officer to temper the severity of a forceful response.

The management of prisoners by correction officers may require the occasional use of a degree of intentional force. A use of force is intentional if it is done knowingly. That is, if it's done voluntarily and deliberately and not because of mistake, accident, negligence, or another

innocent reason. A use of force is reckless if it is done with known disregard for its known probable consequences. In determining whether a person acted intentionally or recklessly, you should remember that there is no way of looking into a person's mind.  You must depend on what was done and what the person involved said was in his mind and your belief or disbelief of those facts.

Authority:  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Wright v. Goord*, 554 F.3d 255, 268–69 (2d Cir. 2009); *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992); *Griffin v. Crippen*, 193 F.3d 89, 91–92 (2d Cir. 1999); *Baskerville v. Mulvaney*, 411 F.3d 45, 47 (2d Cir. 2005); *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999); *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993); *Jeanty v. County of Orange*, 379 F. Supp. 2d 533, 543–44 (S.D.N.Y. 2005).

### b)    Failure to Intervene

All law enforcement officials have an affirmative duty to intervene to protect the Constitutional rights of citizens from infringement by other law enforcement officials in their presence.  An officer who fails to intervene is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a Constitutional right is being violated and has a realistic opportunity to stop it.

Before you can determine whether defendant Lorde-Gray, Phillips, or Miller failed to intervene, you must first determine whether defendant Erns, Chase, Corey, Carlson, or Brokaw used excessive force against plaintiff on February 10, 2015.  In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, whether force was used, and if so, whether the force used was excessive.

If you find no excessive force was used against plaintiff, you must return a verdict for defendants Lorde-Gray, Phillips, and Miller.  If you find that defendants Erns, Chase, Corey, Carlson, or Brokaw used excessive force against plaintiff, then you must decide whether defendants Lorde-Gray, Phillips, or Miller failed to intervene.  To do so, you must determine whether defendants Lorde-Gray, Phillips, or Miller had a realistic opportunity to stop the excessive force, and failed to do so.  Again you must consider each defendant separately.  In order for an

officer to have a realistic opportunity to stop excessive force, the officer must have sufficient time to intercede and a capacity to prevent the harm.

In sum, before you can hold either defendant Lorde-Gray, Phillips or Miller liable, you must conclude by a preponderance of the evidence that the following elements have been met: first, that at least one of these defendants Erns, Chase, Corey, Carlson, and Brokaw subjected plaintiff to excessive force on February 10, 2015; second, that defendant Lorde-Gray, Phillips, or Miller observed the use of excessive force and knew it was unlawful; third, that defendant Lorde-Gray, Phillips, or Miller had a realistic opportunity to intervene, as I have just described that phrase; and fourth, that defendants Lorde-Gray, Phillips, or Miller failed to take reasonable steps to prevent the use of excessive force.

If you find that plaintiff has proved these four elements with a preponderance of the evidence against any defendant, then your verdict must be for the plaintiff.  In that case, you must then decide whether the plaintiff's alleged injuries were proximately caused by defendant Lorde-Gray, Phillips, or Miller's failure to intervene. Injury is proximately caused by a defendant's conduct when it appears from the evidence in the case that the conduct played a substantial role in bringing about the injury. The plaintiff's alleged injury or damage must be a reasonably foreseeable consequence of a defendant's act. Stated differently, the issue is whether a reasonable person would view the defendant's conduct as the cause of plaintiff's alleged injuries.  The plaintiff has the burden of proving that defendant Lorde-Gray, Phillips, or Miller's actions were a proximate cause of injury to him.

Authority: *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994); *O'Neill v. Krzeminiski*, 839 F.2d 9 (2d Cir. 1988); *Jean-Laurent v. Wilkinson*, 540 F. Supp. 2d 501, 512 (S.D.N.Y. 2008).

**<u>Plaintiff's Objections to Defendants' Proposed Instruction</u>:**  Plaintiff objects to Defendants'

proposed instruction on multiple grounds.

*First*, Defendants' proposed instruction misstates the law with respect to both Plaintiff's

excessive force and failure to intervene claims.  To take two examples:

- Defendants' contention that, to prevail on his claims, Plaintiff must show that Defendants acted "intentionally" or "recklessly, is patterned off of an instruction applicable to a generic § 1983 claim, not instructions tailored to the specific elements of the claims at issue here.  Because the state of mind requirement applicable to an Eighth Amendment claim "varies according to the nature of the alleged constitutional violation," *Whitley v. Albers*, 475 U.S. 312, 320 (1986), the Court should instruct the jury on the elements of the specific claims in this lawsuit, not the elements of a generic § 1983 claim.

- Defendants assert that to prove his excessive force claim, Plaintiff must show "that the injuries inflicted [by the Defendants] were sufficiently serious" to rise to the level of constitutional violations.  It is black-letter law, however, than an Eighth Amendment violation arises "whether or not significant injury is evident."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  Contrary to Defendants' suggestion, Plaintiff must show that Defendants' *conduct* was sufficiently serious to implicate the Eighth Amendment, not that his *injuries* are serious.  *Id.*

*Second*, Defendants' instructions are internally inconsistent.  With respect to Plaintiff's

excessive force claim, for example, Defendants argue that Plaintiff must establish four elements

to prove his claim: (1) "that force was used against [Plaintiff] on February 10, 2015"; (2) "that the

level of force used was excessive"; (3) "that the defendant used the excessive force against the

plaintiff"; and (4) "that the defendant acted intentionally or recklessly."  In the very next paragraph,

however, Defendants argue that Plaintiff must show "two things" to prove his claim: (1) "that the

injuries were sufficiently serious"; and (2) "that the defendant . . . had a wanton state of mind."

Such inconsistencies are likely to confuse the jury.

*Finally*, Defendants' discussion of proximate cause in connection with the second element

of Plaintiff's § 1983 claims is unnecessary and confusing.  Proximate cause is a separate element

of a § 1983 claim, as discussed below.

**<u>Defendants' Response to Plaintiff's Objections</u>:**  Defendants provide the following response to

Plaintiff's objections:[1]

- The courts in this district have more than once instructed the jury deliberating on the excessive force claim brought under the Eighth Amendment that plaintiff is required to prove by preponderance of evidence that "defendants in committing the act complained of <u>intentionally</u> or <u>recklessly</u> deprived the plaintiff of a federal right."   Jury Charge from *Iverson v. Surber*, No. 13 Civ. 633, (S.D.N.Y. (R.A.))Dkt. No. 222 ,pp. 496-497, 500-501 from January 25, 2018; Jury Charge from *Burns v. Griffin*,  No. 16 Civ. 0782 (S.D.N.Y. (VB)) Dkt. No. 154, pp. 700-701 from March 29, 2019. (Transcript Available Upon Request).

- The Second Circuit in *Blyden v. Mancusi* held that the appropriate test under the Eighth Amendment involves both subjective and objective elements, and that in order to establish the objective element of the claim, plaintiff must show that the injury actually inflicted was sufficiently serious to warrant Eighth Amendment protection. 186 F.3d 252, 262 (2d Cir. 1999).

---

[1] Plaintiff objects to Defendants providing a "response" to Plaintiff's objections to their proposed instruction.  In any event, Defendants' response does not undermine the merits of Plaintiff's objections.

### E.       Third Element:  Proximate Cause

- **Plaintiff's Proposed Instruction**

The third element that Mr. Fabricio must prove in connection with his Section 1983 claim is that the Defendants' acts were a proximate cause of the injuries sustained by Mr. Fabricio.

An act is a proximate cause if it was a substantial factor in bringing about the injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.  If an injury was a reasonably foreseeable consequence, or a direct result, of one of the Defendant's acts, the injury was proximately caused by such act.

A proximate cause need not be the nearest cause, either in time or space.  A proximate cause also need not be the sole cause of an injury.  Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.  Proximate cause exists as long as the defendant's conduct was a substantial factor in bringing about the plaintiff's injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

Authority:  Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-79 (adapted); *Aetna Ins. Co. v. Boon*, 95 U.S. 117, 130 (1877); *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 161–62 (S.D.N.Y. 2009).

- **Defendants' Proposed Instruction**

The third element that Mr. Fabricio must prove in connection with his Section 1983 claim is that the defendants' acts were a proximate cause of the injuries sustained by Mr. Fabricio.

Proximate cause means that there must be a sufficient causal connection between the acts or omissions of the defendant and any harm sustained by the plaintiff. An act is a proximate cause if it was a substantial factor in bringing about the injury, and if the injury was a reasonably foreseeable consequence of the defendant's act. If an injury was a reasonably foreseeable consequence, or a direct result, of one of the defendant's acts, the injury was proximately caused by such act.

A proximate cause need not be the nearest cause, either in time or space. A proximate cause also need not be the sole cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury. Proximate cause exists as long as the defendant's conduct was a substantial factor in bringing about the plaintiff's injury, and if the injury was a reasonably foreseeable consequence of the defendant's act.

These are necessary elements of every Section 1983 claim. Furthermore, in order to prove a claim under § 1983, a plaintiff must establish that the defendant was personally involved in and caused the deprivation of his rights. The mere fact that a defendant possesses supervisory authority is insufficient to demonstrate liability under § 1983. The plaintiff must establish fault and causation on the part of the defendant to satisfy the requirements of § 1983.

Authority: Modern Federal Jury Inst. – Civil § 87.03 (Inst. 87-79 adapted); *Aetna Ins. Co. v. Boon*, 95 U.S. 117, 130 (1877); *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 161–62 (S.D.N.Y. 2009).

**<u>Plaintiff's Objections to Defendants' Proposed Jury Instruction</u>:**  Plaintiff objects to the last paragraph of Defendants' instruction on the grounds that it is irrelevant and is likely to confuse the jury.  Plaintiff does not seek to hold any Defendant liable on the ground that he was a supervisor, and thus the jury need not be instructed on supervisory liability.

### F.      Damages

#### 1.      Introductory Remarks

If you find that Mr. Fabricio has proven any of his claims by a preponderance of evidence, then Mr. Fabricio is entitled to recover money—also known as damages—from the liable Defendants.

I will now give you instructions regarding computing the amount of damages in this case. You should not interpret the fact that I am giving you instructions on damages as an indication of what I believe the verdict should be.  Rather, I am instructing you on damages so that you will have guidance in the event that you decide that any Defendant is liable and that Mr. Fabricio is entitled to recover money from one or more Defendants.

In computing damages, you may not engage in speculation or guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision.  A plaintiff must prove damages only with as much definiteness and accuracy as the circumstances permit.

There are three types of damages that you may consider: (1) compensatory damages; (2) nominal damages; and (3) punitive damages.  I will discuss each in turn.

Authority:  Modern Federal Jury Instr.-Civil § 77.01, Inst. 77-1 cmt. (adapted); Fed. Jury Prac. & Instr. § 165.70 (adapted); *Sir Speedy, Inc. v. L&P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992).

### 2.       Compensatory Damages

- **Plaintiff's Proposed Instruction**

If you return a verdict in favor of Mr. Fabricio, you must first award him such sum of money as you believe will fairly and justly compensate him for any injury that you believe he sustained as a result of Defendants' violation of his rights.  These are known as "compensatory" damages.  Compensatory damages seek to make the plaintiff whole—that is, to compensate him for the damage suffered.

Compensatory damages can include any economic injury sustained by Mr. Fabricio, as well as any suffering, inconvenience, and other non-monetary losses that Mr. Fabricio proves were caused by the Defendants' actions.  There is no requirement that evidence of the monetary value of such intangible things, such as injury, pain, or suffering, be introduced into evidence.  There is no exact standard for figuring the compensation to be awarded for these types of damages, and no expert testimony need be introduced.  Any award that you make should be fair in light of the evidence presented at trial.

Compensatory damages must not be based on speculation and sympathy, however.  They must be based on the evidence presented at trial, and only that evidence.  Therefore, to recover damages for physical injury, Mr. Fabricio must present credible testimony with respect to his injuries.

Medical treatment is not a precondition to recovery.  Physical injury may be proved by Mr. Fabricio's own testimony, corroborated by reference to the circumstances of the Defendants' alleged conduct.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

Finally, let me caution you against awarding a double recovery.  I have said to you that, if you return a verdict for Mr. Fabricio, you must award him such sum of money as you believe will fairly and justly compensate him for any damage or injury you believe he sustained as a result of Defendants' conduct.  In this case, Mr. Fabricio brings multiple claims against multiple defendants. You must remember that, in calculating the damages, Mr. Fabricio is entitled to be compensated only once for the damages he actually suffered.  Thus, you must be careful in determining the proper measure of damages that you do not award double compensation for a single injury, even if multiple defendants were responsible for the violation.  In addition, if you find the defendants liable on more than one claim, and you find that more than one claim produced the same injury, you must be careful in determining the proper measure of damages that you do not award double compensation for the same injury.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil §§ 77.01 & 87-03, Insts. 77-3, 87-79, 87-87 & 87-91 (adapted); Fed. Jury Prac. & Instr. §§ 165.50 & 165.73 (adapted); *Aetna Ins. Co. v. Boon*, 95 U.S. 117, 130 (1877); *Patrolman's Benevolent Ass'n of City of New York v. City of New York*, 310 F.3d 43, 55 (2d Cir. 2002); *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000); *Guzman v. Jay*, 303 F.R.D. 186, 197 (S.D.N.Y. 2014); *Frank Sloup & Crabs Unlimited, LLC v. Loeffler*, 745 F. Supp. 2d 115, 143 (E.D.N.Y. 2010); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 161–62 (S.D.N.Y. 2009).

- **Defendants' Proposed Instruction**

If you find in favor of the plaintiff on his claim, then you must determine an amount that is fair compensation for his injuries.  This type of damages is known as "compensatory damages." You shall award damages only for those injuries that you find plaintiff has proven by a preponderance of the evidence.  Moreover, you may not simply award damages for *any* injury suffered by plaintiff—you must award damages only for those injuries that are a proximate result of conduct by the defendants that violated plaintiff's federal rights under color of law.  The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less.  Compensatory damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial.  The purpose is not to punish a defendant.

Compensatory damages may include damages for physical injury, pain and suffering, mental anguish, shock, and discomfort that he has suffered because of a defendant's conduct.  In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress – past, present and future – that you determine to be reasonable compensation in the light of all the evidence in this case.  Keep in mind that in order to recover damages for pain and suffering, a plaintiff must present credible evidence with respect to his suffering and corroboration that a defendant's impermissible conduct caused his suffering.  To satisfy the requirement, the plaintiff does not need to provide evidence from a medical expert.

There is no exact standard for determining the precise amount of damages or pain and suffering.  An award you make must be fair and reasonable in light of the evidence at trial.  An award must not be based only on speculation or sympathy.

Although there are multiple defendants in this case, it does not follow that if you find one to be liable, they all are liable. Each defendant is entitled to fair, separate and individual consideration of the case against him or her on each claim, without regard to your decision as to

the other defendants and the other claims.  Furthermore, the plaintiff is only entitled to recover once for any injuries.  For example, if a plaintiff were to prevail on two claims and establish that his injury for those claims was worth $100, you could not award him $100 in compensatory damages on each claim. He is only entitled to be made whole, not to recover more than he lost.

Authority: *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299 (1986); *Smith v. Wade*, 461 U.S. 30 (1983); *Carey v. Piphus*, 435 U.S. 247 (1978); *Amato v. City of Saratoga Springs*, 170 F.3d 311 (2d Cir. 1999); *Mathie v. Fries*, 121 F.3d 808 (2d Cir. 1997); *Walz v. Town of Smithtown*, 46 F.3d 162 (2d Cir. 1995); *Gibeau v. Nellis*, 18 F.3d 107 (2d Cir. 1994); *Miner v. City of Glens Falls*, 999 F.2d 655 (2d Cir. 1993); *Modern Fed. Jury Instructions*  77-3, 77-4, 87-87.


**Plaintiff's Objections to Defendants' Proposed Instruction**:  Plaintiff objects to Defendants' instruction on multiple grounds.

*First,* Defendants' instruction is repetitive and duplicates other instructions, including the Court's instruction on proximate cause.

*Second*, Defendants' instruction incorrectly suggests that the jury should assess damages "separate[ly] and individual[ly]" with respect to each Defendant.  Where, as here, a case involves a "single[,] indivisible injury" inflicted by multiple defendants, *Thomas v. Cooke Cnty. Sheriff's Dep't*, 604 F.3d 293, 312–13 (7th Cir. 2010), "[t]he jury should be asked . . . what amount of damages the plaintiff has suffered" in total.  *Rodick v. City of Schenectady*, 1 F.3d 1341, 1348–49 (2d Cir. 1993).  Once a total damages amount is determined, "[d]amages in this amount can . . . be awarded, jointly and severally, against each defendant found liable." *Id.*.  The jury should *not* attempt to arrive at a damages amount for each individual Defendant, as Defendants' instruction suggests.

*Third*, Defendants' proposed instruction impermissibly suggests that Plaintiff must provide medical evidence in order to support his claim for damages.  While Defendants acknowledge that

Plaintiff need not provide "evidence from a medical expert," Plaintiff need not produce *any* medical evidence in order to prove damages.  *See, e.g.*, *Port Auth. Police Asian Jade Soc'y of N.Y. & N.J., Inc.  v. Port Auth. of N.Y. & N.J.*, 681 F. Supp. 2d 456, 470 (S.D.N.Y. 2010) ("'[C]ompetent evidence is not limited to medical evidence.").

*Finally*, Defendants' reference to Plaintiff's injuries amounting to only "$100" is misleading and prejudicial.  The Court's instructions should not suggest that Plaintiff's damages are limited to any sum.

### 3.      Nominal Damages

If you find, after considering all the evidence presented, that one or more Defendants violated Mr. Fabricio's rights, but that Mr. Fabricio suffered no injury as a result of this violation, you may award Mr. Fabricio "nominal damages."  "Nominal damages" are awarded as recognition that a plaintiff's rights have been violated.  You would award nominal damages if you conclude that the only injury that Mr. Fabricio suffered was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damage.

You may also award nominal damages if, upon finding that some injury resulted from a given unlawful act, you find that you are unable to compute monetary damages except by engaging in pure speculation and guessing.

You may not award both nominal and compensatory damages to Mr. Fabricio; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.

Nominal damages must be a token sum, not to exceed $1.

Authority:    Modern Federal Jury Instr.-Civil § 77.01, Inst. 77-6 (adapted); *Robinson v. Cattaraugus Cnty.*, 147 F.3d 153, 162 (2d Cir. 1998).

### 4.      Punitive Damages

If you award Mr. Fabricio compensatory or nominal damages, you may also, in your discretion, make an award of punitive damages.  Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others from committing such conduct in the future.

You may award Mr. Fabricio punitive damages if you find that the acts or omissions of an individual Defendant were done maliciously and wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person.  An act or failure to act is wanton if it is done with a reckless or callous disregard for the rights of the injured person.  Mr. Fabricio has the burden of proving, by a preponderance of the evidence, that an individual Defendant or Defendants acted maliciously or wantonly with regard to Mr. Fabricio's rights.

If you find by a preponderance of the evidence that one or more Defendants acted with malicious intent to violate Mr. Fabricio's constitutional rights or unlawfully injure him, or if you find that one or more Defendants acted with callous disregard of Mr. Fabricio's rights, then you may award punitive damages against those Defendants.  An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future.  Thus, in deciding whether to award punitive damages, you should consider whether the Defendants may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct.  You should also consider whether actual damages, standing alone, are likely to deter or prevent those

Defendants from similar wrongful conduct in the future (if the conduct was, in fact, wrongful), or whether punitive damages are necessary to provide deterrence.  Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those that the Defendants may have committed.

If you decide to award punitive damages, these same purposes should be kept in mind as you determine the appropriate sum of money to be awarded as punitive damages.  That is, in fixing the sum to be awarded, you should consider the degree to which the Defendants should be punished for their wrongful conduct, and the degree to which an award of one sum or another will deter the Defendants or persons like them from committing wrongful acts in the future.

Authority:  Modern Federal Jury Instr.-Civil § 87.03, Inst. 87-92 (adapted); *Tolbert v. Queens Coll.*, 242 F.3d 58, 77 (2d Cir. 2001); *Vasbinder v. Scott*, 976 F.2d 118, 121 (2d Cir. 1992); *Adejei v. Hoder*, 935 F. Supp. 2d 557, 571 (E.D.N.Y. 2013); *Pappas v. New Haven Police Dep't*, 278 F. Supp. 2d 296, 312–13 (D. Conn. 2003).

## JURY DELIBERATIONS

Before I allow you to retire to the jury room to deliberate, I would like to offer you some closing remarks.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for any party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

When you get into the jury room, you should elect one member of the jury as your foreperson.  That person will preside over the deliberations and speak for you here in open court.  Remember, the foreperson's vote is entitled to no greater weight than that of any other juror.

Some of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.

It is important that you not communicate with anyone outside the jury room about your deliberations or about anything relating to this case.  There is only one exception to this rule.  If it becomes necessary during your deliberations to communicate with me, you may send a note, through the marshal, dated and signed by your foreperson.  No member of the jury should ever

attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching on the merits of the case other than in writing, or orally here in open court.  If you send any notes to the Court, do not disclose anything about your deliberations.  In particular, do not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

If during the deliberations you want to see any of the exhibits, you may request that they be brought into the jury room.  If you want any of the testimony read back to you, you may also request that.  Please remember that it is not always easy to locate what you might want, so please be as specific as you possibly can in requesting exhibits or portions of the testimony.  Your requests for exhibits or testimony should be made to me in writing, signed by your foreperson, and given to the marshal.

I have prepared a verdict sheet, which will be given to you.  The verdict sheet is given to you to record your verdict after you have reached a verdict in this case.  After you have reached a verdict, the foreperson will fill in the verdict sheet, sign and date it, and advise the marshal outside the door to the jury room that you are ready to return to the courtroom.  Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

This concludes my instructions.  Thank you for your close and careful attention.  Members of the jury, you will now retire to deliberate.

<u>Authority</u>:  Modern Federal Jury Instr.-Civil § 78.01, Insts. 78-1, 78-3, 78-5, 78-6 (adapted); Fed. Jury Prac. & Instr. § 106:07.

Dated:  January 25, 2021

Respectfully submitted,

*S/ William E. O'Neil*
William O'Neil
Neha Jaganathan
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: 212-841-1103
Fax: 646-441-9103
Email:  woneil@cov.com
   njaganathan@cov.com

*Attorneys for Plaintiff*

LETITIA JAMES
Attorney General of the State of New York
By:
*S/ Amanda Yoon**
Amanda Yoon
Julinda Dawkins
Assistant Attorney General
28 Liberty Street
New York, NY 10005
Tel.:  212-416-8606/8118
Email:  Amanda.Yoon@ag.ny.gov
   Julinda.Dawkins@ag.ny.gov

*Attorneys for Defendants*

\* Electronic signature used with permission pursuant to SDNY ECF Rule 8.5(b).