UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
EDERICK FABRICIO,

                Plaintiff,        Case No. 7:16-cv-08731-PMH

                v.                    **JOINT PRETRIAL ORDER**

SGT. JEFFREY MILLER, C.O. JEFFREY
ERNS, C.O. KEITH CHASE, C.O. BRIAN
COREY, C.O. SEAN CARLSON, C.O. KEITH
BROKAW, C.O. REGINALD LORDE-GRAY,
and C.O. STANLEY PHILLIPS

                Defendants,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**I.**      **The full caption of the action.**  *See above.*

**II.**     **The amount of trial time that each party anticipates needing for its case-in-chief.**

        A.    **Plaintiff.**  Plaintiff anticipates needing two trial days to present his case-in-chief.  This estimate does not include time for Plaintiff's opening statement or summation.

        B.    **Defendants.**  Defendants anticipate needing two trial days to present their case-in-chief.  This estimate does not include time for Defendants' opening statement or summation.

**III.**    **The names, addresses (including firm names), and telephone, fax numbers, and email addresses of trial counsel.**

        A.    **Plaintiff's counsel:**

            William O'Neil
            Neha Jaganathan
            COVINGTON & BURLING LLP
            The New York Times Building
            820 Eighth Avenue
            New York, NY 10018
            Tel.:  (212) 841-1000
            Fax:  (646) 441-9103
            Email:  woneil@cov.com
                      njaganathan@cov.com

> B. **Defendants' counsel:**
>
> Amanda Yoon
> Julinda Dawkins
> Assistant Attorneys General
> Office of the Attorney General
> 28 Liberty Street, 18th floor
> New York, NY  10005
> (O)  212.416. 8606/8118
> (F)  212.416.6009
> Amanda.Yoon@ag.ny.gov
> Julinda.Dawkins@ag.ny.gov

The parties reserve the right to supplement the list of trial counsel.

IV. **Subject-Matter Jurisdiction.**

   A. Plaintiff filed this action pursuant to 42 U.S.C. § 1983.  The Court has subject-matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343(a)(3).

V. **Claims and Defenses to Be Tried.**

   A. **Claims and Defenses Remaining to Be Tried.**

      1. **Plaintiff.** Plaintiff has filed this civil rights action pursuant 42 U.S.C. § 1983 to redress Defendants' deprivation of his Eighth Amendment rights.  Two claims remain be tried: (1) Plaintiff's excessive force claims against Defendants Chase, Erns, Brokaw, Corey, and Carlson; and (2) Plaintiff's failure to intervene claims against Defendants Phillips, Lorde-Gray, and Miller.  More specifically:

         a) <u>Excessive Force Claims</u>.  On February 10, 2015, certain corrections officers at Green Haven Correctional Facility, including Defendants Chase, Erns, Brokaw, Corey, and Carlson, used excessive force against Plaintiff while Plaintiff was waiting to be escorted to receive his daily medication.

          Plaintiff seeks compensatory and punitive damages in an amount to be determined by the jury for the physical and emotional injuries he sustained as a result of the February 10, 2015 incident.

    b)    <u>Failure to Intervene Claims</u>.  Plaintiff asserts claims against Defendants Phillips, Lorde-Gray, and Miller based on their failure to intervene to prevent other officers' use of excessive force against him.  As with the other Defendants, Plaintiff seeks compensatory and punitive damages, in an amount to be determined by the jury.

    c)    <u>Qualified Immunity</u>.  Plaintiff understands that some or all of the Defendants intend to assert a qualified immunity defense.  Plaintiff disputes that any Defendant is entitled to qualified immunity or that a qualified immunity instruction is appropriate in this case.

2.    **Defendants**

    a)    <u>Excessive Force Claims</u>.  Defendants Correctional Officers Chase, Erns, Corey, and Carlson used force in a good-faith effort to maintain order and restore discipline and in self-defense in response to Plaintiff's violent behavior in his housing block in the correctional facility. Therefore, Plaintiff cannot establish an Eighth Amendment claim.  Defendants Correctional Officers Chase, Erns, Corey, and Carlson did not act in a malicious way or in wanton disregard of Plaintiff's constitutional rights.

3

      b)    <u>Lack of Personal Involvement</u>.  Defendant Brokaw could not have used any force against Plaintiff because he was not working and was not present at Green Haven Correctional Facility on the day of the alleged incident.

      c)    <u>Failure to Intervene Claims</u>.  Defendants Phillips, Lorde-Gray, and Miller could not have intervened in alleged use of excessive force because they did not observe the interaction between Plaintiff and Defendants Correctional Officers Chase, Erns, Corey, and Carlson.

      d)    <u>Qualified Immunity</u>.  Defendants are entitled to qualified immunity.  Defendants' entitlement to qualified immunity is an issue of law to be decided by the Court based upon the facts found by the jury.  If the Court so orders, the parties will prepare proposed special interrogatories for the jury prior to the charge conference.  *See Cowan v. Breen*, 352 F.3d 756, 764-65, n.8 (2d Cir. 2003) (discussing use of special interrogatories in qualified immunity context).

B.    **Claims and Defenses Not to Be Tried.**

    1.    **Plaintiff.**  In its March 6, 2019 order on Defendants' motion to dismiss, the Court dismissed the following claims that Plaintiff asserted in his First Amended Complaint: (i) a failure to intervene claim against former Defendants Surber, Hann, Murphy, Carry, Wilkins, Griffin, Stanaway, Ortiz, Isaac, Doe, Keyser, Burnett, Rodriguez, Conforti, Cruz, Chavers, Valle, and Tagliaferry; (ii) a claim for deliberate indifference to medical needs against former Defendant

4

        Bentivegna; (iii) a claim for unconstitutional conditions of confinement against former Defendant Sullivan; (iv) a claim for retaliation against all Defendants; (v) a claim for denial of access to the courts against former Defendant Stanaway; (vi) a due process claim against former Defendants Wilkins, Hann, Murphy, and Griffin; and (vii) a deprivation of property claim against former Defendants Rodriguez and Valle as well as current Defendant Erns.  Separately, in its March 6, 2019 order, the Court expressed uncertainty as to whether Plaintiff intended to assert (i) an excessive force claim against Defendants Phillips, Lorde-Gray, and Miller, or (ii) a failure to intervene claim against Defendant Brokaw.  To clarify, Plaintiff is not asserting (i) an excessive force claim against Defendants Phillips, Lorde-Gray, and Miller, or (ii) a failure to intervene claim against Defendant Brokaw.[1]

2. **Defendants.**  Specifically, all claims that Defendants retaliated against Plaintiff to prevent him from being a witness in the investigation of former Correctional Officer Cruz bringing drug to Green Haven and/or that Defendants retaliated against Plaintiff because of Plaintiff's involvement in the investigation of former Correctional Officer Cruz are not to be tried per the Court's March 6, 2019 decision dismissing former Correctional Officer Cruz and all retaliation claims. As Plaintiff

---

[1] In their section of the Joint Pretrial Order, Defendants represent that, in its March 6, 2019 order, the Court ruled that "all claims that Defendants retaliated against Plaintiff to prevent him from being a witness in the investigation of Correctional Officer Cruz bringing drug [sic] to Green Haven . . . are not to be tried." *See supra* at Section V.B.2.  Defendants mischaracterize the Court's order, but to be clear, Plaintiff does not intend to assert any retaliation claims at trial.  The prior dismissal of Plaintiff's retaliation claims, however, in no way prevents him from introducing evidence of Officer Cruz's arrest or any other evidence of Defendants' motivation for assaulting him on February 10, 2015.

5

has noted an objection, this will be a subject of Defendants' motion in limine.

**VI.  Statement as to whether the case is to be tried with or without a jury, and the number of trial days needed.**

The case is to be tried to a jury. The parties expect that the trial will take between five and six trial days.

**VII.  Statement as to whether all parties have consented to trial of the case by a magistrate judge.**

One or more parties have not consented to trial by magistrate judge.

**VIII.  Any stipulations or agreed statements of fact or law.**

  A. Plaintiff's Exhibit 7 and Defendants' Exhibits B, C, and D-1 are admitted into evidence.

  B. Defendants were employed as correctional officers at Green Haven Correctional Facility on February 10, 2015.

  C. On February 10, 2015, Plaintiff was an inmate at Green Haven Correctional Facility.

**IX.  Witnesses each party expects to call in its case-in-chief.**

  A. **Plaintiff**

Plaintiff provides the following list of witnesses that he may call in its case-in-chief. Rebuttal witnesses are not included on this list.

| Witness | Subject Matter of Testimony | Time Estimate | Objection(s) |
|---|---|---|---|
| Ederick Fabricio | Mr. Fabricio is the Plaintiff in this action. Mr. Fabricio will testify about (i) the February 10, 2015 assault; (ii) the injuries that he sustained in the assault, including the pain and emotional suffering he experienced; (iii) Mr. Fabricio's interactions with | 4 hours | Defendants object to Plaintiff testifying about (iii) his interactions with **"other Green Haven corrections officers"** (including but not limited to previously dismissed defendants) before and |

6

| Witness | Subject Matter of Testimony | Time Estimate | Objection(s) |
|---|---|---|---|
| | Defendants and other Green Haven corrections officers, before and after the assault; and (iv) Plaintiff's efforts to redress the harassment he experienced from Defendants and other Green Haven corrections officers before the assault. | | after the assault and (iv) Plaintiff's efforts to redress the harassment he experienced from Defendants and other corrections officers before the assault.<br><br>F.R.E. 402, 403, 801, 802 |
| Dayna Fabricio | Ms. Fabricio will authenticate and lay an evidentiary foundation for certain documents sent to prison and government officials regarding certain officers' harassment of Plaintiff at Green Haven Correctional Facility, to which Defendants refuse to stipulate as to authenticity and/or admissibility. Defendants refuse to stipulate, notwithstanding that the vast majority of the documents in question were produced by Defendants in this litigation from NYS DOCCS's files. | 1 hour | F.R.E. 402, 403, 801, 802<br><br>To the extent Plaintiff offers Dayna Fabricio as a fact witness, Defendants object to her testimony on the ground that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a). |
| C.O. Keith Chase | Officer Chase is one of the Defendants in this action. Officer Chase will testify about the February 10, 2015 assault as well as his interactions with Plaintiff before the assault. | 2 hours | |
| C.O. Jeffrey Erns | Officer Erns is one of the Defendants in this action. Officer Erns will testify about the February 10, 2015 assault. | 1 hour | |
| C.O. Brian Corey | Officer Corey is one of the Defendants in this action. Officer Corey will testify about the February 10, 2015 assault. | 1 hour | |
| C.O. Sean Carlson | Officer Carlson is one of the Defendants in this action. Officer Carlson will testify about the February 10, 2015 assault. | 1 hour | |

| Witness | Subject Matter of Testimony | Time Estimate | Objection(s) |
|---|---|---|---|
| C.O. Reginald Lorde-Gray | Officer Lorde-Gray is one of the Defendants in this action. Officer Lorde-Gray will testify about the February 10, 2015 assault. | 1 hour | |
| C.O. Stanley Phillips | Officer Phillips is one of the Defendants in this action. Officer Phillips will testify about the February 10, 2015 assault. | 1 hour | |
| Sgt. Jeffrey Miller | Sergeant Miller is one of the Defendants in this action. Sergeant Miller will testify about the February 10, 2015 assault. | 1 hour | |
| Custodian of Record, NYS DOCCS/Green Haven Correctional Facility | The custodian of record will authenticate and lay an evidentiary foundation for certain NYS DOCCS records to which Defendants refuse to stipulate as to authenticity and/or admissibility. Defendants refuse to stipulate, notwithstanding that the vast majority of the documents in question were produced by Defendants in this litigation from NYS DOCCS's files. | 0.5 hour | |

In addition to the foregoing, Plaintiff reserves the right to call any witnesses or designate any deposition testimony needed to authenticate any evidence at trial or to lay a foundation. Plaintiff further reserves the right not to call any witness listed on his witness list.

B.  **Defendants**

| Witness | Subject Matter of Testimony | Time Estimate | Objection(s) |
|---|---|---|---|
| C.O. Keith Chase | He will testify about the February 10, 2015 incident, as well as, *inter alia*, his duties as a corrections officer. | 1 hour | |

8

| **Witness** | **Subject Matter of Testimony** | **Time Estimate** | **Objection(s)** |
|---|---|---|---|
| C.O. Jeffrey Erns | He will testify about the February 10, 2015 incident, as well as, *inter alia*, his duties as a corrections officer. | 1 hour | |
| C.O. Reginald Lordegray | He will testify about the February 10, 2015 incident, as well as, *inter alia*, his duties as a corrections officer. | 1 hour | |
| C.O. Keith Brokaw | He will testify about the February 10, 2015 incident, as well as, *inter alia*, his duties as a corrections officer. | 1 hour | |
| C.O. Sean Carlson | He will testify about the February 10, 2015 incident, as well as, *inter alia*, his duties as a corrections officer. | 1 hour | |
| C.O. Stanley Philips | He will testify about the February 10, 2015 incident, as well as, *inter alia*, his duties as a corrections officer. | 1 hour | |
| C.O. Brian Corey | He will testify about the February 10, 2015 incident, as well as, *inter alia*, his duties as a corrections officer. | 1 hour | |
| C.O. Jeffrey Miller | He will testify about the February 10, 2015 incident, as well as, *inter alia*, his duties as a corrections officer. | 1 hour | |

| Witness | Subject Matter of Testimony | Time Estimate | Objection(s) |
| --- | --- | --- | --- |
| Dr. Robert Bentivegna | He will testify about Plaintiff's physical condition before and after February 10, 2015 and, *inter alia*, his observations regarding Plaintiff's alleged injuries from February 10, 2015 incident, as disclosed in Rule 26(a)(2)(c) disclosure served on Plaintiff on September 23, 2019. | 1 hour | To the extent Defendants offer Dr. Bentivegna as an expert witness, Plaintiff objects to his testimony on the ground that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a)(2). *See, e.g.*, *McAfee v. Naqvi*, 2017 WL 3184171, at *6 (D. Conn. July 26, 2017). Plaintiff further objects to Dr. Bentivegna's testimony to the extent that it relies on materials that were never produced to Plaintiff in discovery. *See, e.g.*, *In re Omeprazole Patent Litig.*, 2002 WL 287785, at *8 (S.D.N.Y. Feb. 27, 2002). |
| C.O. Michael Ostroski | C.O. Ostroski will authenticate and lay an evidentiary foundation for the contraband receipt he filled out for the February 10, 2015 incident (BATES-stamped as "0282"). <br><br>Plaintiff was fully aware of the identity of C.O. Ostroski as his name was listed on the contraband receipt served on Plaintiff on more than one occasion. *See Collazo v. Pagano,* No. 06 Civ. 941, 2009 WL 3030143, at * 9 (N.D.N.Y. Sept. 16, 2009). <br><br>He will testify about the contraband receipt he filled out for the February 10, 2015 incident. | 1 hour | Plaintiff objects to C.O. Ostroski's testimony on the ground that he was never disclosed pursuant to Fed. R. Civ. P. 26(a)(1). *See* Fed. R. Civ. P. 37(c); *see also Meneweather v. Powell*, 2011 WL 13209593, at *1 (N.D. Cal. Dec. 13, 2011) (Rule 26(a)(1)(B)(iv)'s exemption from initial disclosures no longer applies once inmate is represented by counsel); *Harris v. Hogle*, 2010 WL 2302309, at *2 (W.D. Mich. June 4, 2010) (same). <br><br>Plaintiff further objects to C.O. Ostroski's testimony on relevance grounds. F.R.E. 402, 403. |

| Witness | Subject Matter of Testimony | Time Estimate | Objection(s) |
|---|---|---|---|
| Deputy Superintendent of Security (DSS) Russo<br><br>or<br><br>Superintendent James Johnson | DSS Russo or Superintendent Johnson is expected to testify as to DOCCS' policies and procedures regarding the use of force and procedures at Green Haven.[2] | 1 hour | To the extent Defendants offer DSS Russo and/or Superintendent Johnson as expert witnesses, Plaintiff objects to their testimony on the ground that it was not properly disclosed pursuant to Fed. R. Civ. P. 26(a)(2).<br><br>To the extent Defendants offer DSS Russo and/or Superintendent Johnson as fact witnesses, Plaintiff objects to their testimony on the ground that neither DSS Russo nor Superintendent Johnson was disclosed pursuant to Fed. R. Civ. P. 26(a)(1). *See* Fed. R. Civ. P. 37(c); *Meneweather*, 2011 WL 13209593, at *1; *Harris*, 2010 WL 2302309, at *2. Plaintiff further objects to their testimony on the ground that DSS Russo was not the Deputy Superintendent of Security at Green Haven and Superintendent Johnson was not the Superintendent of Green Haven on February 10, 2015, and thus the witnesses lack personal knowledge of the "use of force . . . procedures at Green Haven" at the time of Plaintiff's assault. F.R.E. 402, 602. Plaintiff |

---

[2] As Plaintiff was an inmate serving time in New York State custody, Defendants were exempt from serving initial disclosure pursuant to FRCP26(a)(1)(B)(iv). The Court has not issued any order with respect to Rule 26(a)(1) Initial Disclosure. Plaintiff Counsel, since retained by Plaintiff on or around September 3, 2020, has yet to serve Rule 26(a)(1) Disclosure to Defendants or requested one from Defendants.

11

| Witness | Subject Matter of Testimony | Time Estimate | Objection(s) |
|---|---|---|---|
| | | | also objects to the testimony of DSS Russo and Superintendent Johnson to the extent that it concerns "policies and procedures" that were never produced to Plaintiff in discovery. |

**X.     Deposition designations to be offered in each party's case-in-chief.**

   A.   **Plaintiff**

Plaintiff may, if the need arises, present certain deposition testimony as part of his case-in-chief. Plaintiff's designations assume that any witnesses listed on the parties' respective witness lists will be available for live examination by Plaintiff at trial. If a witness is found not to be available or otherwise will not be testifying live at trial, Plaintiff reserves the right to supplement this Joint Pretrial Order with further deposition designations. Plaintiff also reserves the right to substitute live testimony for deposition testimony.

| Witness | Designations | Counter-designations |
|---|---|---|
| C.O. Sean Carlson | Dep. Tr. at 4:8–14; 8:16–10:12; 31:4–9. | None. |
| C.O. Keith Chase | Dep. Tr. at 4:20–22; 7:23–8:14; 23:17–23. | None. |
| C.O. Brian Corey | Dep. Tr. at 4:15–17; 10:2–16; 15:12–18:17; 22:8–16; 24:2–25:4; 25:18–26:22; 74:15–75:7; 75:22–76:2; 76:8–23; 77:6–77:17; 80:25–82:10; 84:3–84:16; 88:3–89:12; 93:2–95:5; 96:16–17; 97:17–98:17; 101:17–102:8; 103:25–105:12; 111:25–113:3; 114:5–115:6; 135:8–139:21. | Dep. Tr. at 84:15–18. |

| Witness | Designations | Counter-designations |
|---|---|---|
| C.O. Jeffrey Erns | Dep. Tr. at 4:14–15; 8:6–18; 12:9–15:12; 21:22–22:3. | None. |
| C.O. Reginald L. Lorde-Gray | Dep. Tr. at 4:22–24; 9:20–25; 15:24–16:2; 19:2–19; 21:10–22:4; 25:23–26:19; 27:11–15; 29:2–8; 49:10–13. | Dep. Tr. at 19:19–20:12; 27:15–28:11. |

B.   **Defendants**

| Witness | Designations | Counter-designations |
|---|---|---|
| Ederick Fabricio | Dep. Tr. at 68:3–25; 129:17–130:7. | Dep. Tr. at 119:17–121:13. |

XI. **Exhibits to be offered in each party's case-in-chief.**

A.   **Plaintiff**

Plaintiff provides the following list of exhibits that he may use in his case-in-chief. Plaintiff's exhibit list does not include exhibits to be used solely for impeachment, and Plaintiff reserves the right to use such exhibits at trial.

| Exhibit | Description | Bates Number | Objection(s) |
|---|---|---|---|
| 1 | NYS DOCCS Directive No. 4944, Use of Physical Force | N/A | F.R.E. 402, 403, 801, 802, Lack of Foundation |
| 2 | "Greenhaven Corrections Officer Faces Felony Drug Charges," Poughkeepsie Journal (Aug. 22, 2014) | N/A | F.R.E. 402, 403, 801, 802, Lack of Foundation |
| 3 | "Green Haven Prison Lockdown Frisk Finds Contraband," Poughkeepsie Journal (Sept. 19, 2014) | N/A | F.R.E. 402, 403, 801, 802, Lack of Foundation |
| 4 | 2/19/2015 Inmate Grievance Complaint by E. Fabricio | 0018–0021 | F.R.E. 402, 403, 801, 802, Lack of Foundation<br><br>Duplicative, Self-Serving |

13

| Exhibit | Description | Bates Number | Objection(s) |
|---|---|---|---|
| 5 | Unusual Incident Report | 0052–0056 | F.R.E. 402, 403, 801, 802, Lack of foundation |
| 6 | Use of Force Report | 0057–0066 | F.R.E. 402, 403, 801, 802 |
| 7 | Photos of E. Fabricio after 2/10/2015 Incident | 0272–0275 | |
| 8 | 3/6/2015 Letter from J. Dignam to W. Lee and Enclosure | 0308–0312 | F.R.E. 402, 403, 801, 802, Lack of Foundation |
| 9 | 2/8/2015 Letter from D. Fabricio to Supt. T. Griffin | 0332–0333 | F.R.E. 402, 403, 801, 802, Lack of Foundation |
| 10 | Ambulatory Health Record for E. Fabricio | Medical Record ("MR") 021–MR 025 | |
| 11 | Ambulatory Health Record Progress Notice for E. Fabricio | MR 075–MR 117 | |
| 12 | 5/2/2015 Translation of 2/18/2015 Inmate Grievance Complaint from E. Fabricio | Dkt. No. 15-3, at 17–20 | F.R.E. 402, 403, 801, 802 Duplicative, Self-Serving |
| 13 | 11/26/2014 Screening/Admission Note for E. Fabrizio | Dkt. No. 15-3, at 22–24 | F.R.E. 402, 403, 801, 802 Duplicative, Self-Serving |
| 14 | NYS DOCCS Inmate Grievance System Status List | Dkt. No. 15-6, at 7–8 | F.R.E. 402, 403, 801, 802 |
| 15 | 11/26/2014 Letter from E. Fabricio to Supt. T. Griffin | Dkt. No. 15-7, at 6–11 | F.R.E. 402, 403, 801, 802 |
| 16 | 12/2/2014 Letter from E. Fabricio to Supt. T. Griffin | Dkt. No. 15-7, at 12–14 | F.R.E. 402, 403, 801, 802 |
| 17 | Appeal from 1/15/2015 Tier II Hearing | Dkt. No. 15-8, at 2 | F.R.E. 402, 403, 801, 802 (Due Process Claim Related To This Hearing Was Dismissed) |

| Exhibit | Description | Bates Number | Objection(s) |
|---|---|---|---|
| 18 | Appeal from 1/17/2015 Tier II Hearing | Dkt. No. 15-8, at 3 | F.R.E. 402, 403, 801, 802 (Due Process Claim Related To This Hearing Was Dismissed) |
| 19 | Appeal from 1/25/2015 Tier II Hearing | Dkt. No. 15-8, at 5 | F.R.E. 402, 403, 801, 802 (Due Process Claim Related To This Hearing Was Dismissed) |
| 20 | Appeal from 2/4/2015 Tier II Hearing | Dkt. No. 15-8, at 6–7 | F.R.E. 402, 403, 801, 802 (Due Process Claim Related To This Hearing Was Dismissed) |
| 21 | 1/19/2015 Letter from P. Woolbright to D. Fabricio | Dkt. No. 15-8, at 14 | F.R.E. 402, 403, 801, 802 |
| 22 | Email Chain between D. Fabricio and Federal Bureau of Prisons | Dkt. No. 15-8, at 15–16 | F.R.E. 402, 403, 801, 802 |
| 23 | Appeal from 12/15/2014 Tier II Hearing | Dkt. No. 15-13, at 10 | F.R.E. 402, 403, 801, 802 |
| 24 | Collection of Sick Call Request Forms from E. Fabricio | Dkt. No. 15-13, at 34–62 | F.R.E. 402, 403, 801, 802<br><br>Duplicative, Self-Serving |
| 25 | Complaint, *Johnson v. Annuci*, No. 7:15-cv-03754-NSR (S.D.N.Y.) | N/A | F.R.E. 402, 403, 801, 802 |
| 26 | Complaint, *Peters v. Huttel*, No. 7:15-cv-09274-NSR-AEK (S.D.N.Y.) | N/A | F.R.E. 402, 403, 801, 802 |
| 27 | Complaint, *Womack v. Lampon*, No. 7:15-cv-05972-NSR (S.D.N.Y.) | N/A | F.R.E. 402, 403, 801, 802 |
| 28 | Stipulation of Settlement, General Release & Order of Dismissal, *Womack v. Lampon*, No. 7:15-cv-05972-NSR (S.D.N.Y.) | N/A | F.R.E. 402, 403, 801, 802 |
| 29 | Amended Complaint, *Munoz v. Eliezer*, No. 17-cv-06049-NSR (S.D.N.Y.) | N/A | F.R.E. 402, 403, 801, 802 |
| 30 | Amended Complaint, *Meehan v. Ercole*, No. 1:08-cv-10661-AKH (S.D.N.Y.) | N/A | F.R.E. 402, 403, 801, 802 |

| Exhibit | Description | Bates Number | Objection(s) |
|---|---|---|---|
| 31 | Stipulation of Settlement and Order of Dismissal, *Meehan v. Ercole*, No. 1:08-cv-10661-AKH (S.D.N.Y.) | N/A | F.R.E. 402, 403, 801, 802 |
| 32 | Amended Complaint, *Olutosin v. Lee*, No. 7:14-cv-00685-NSR (S.D.N.Y.) | N/A | F.R.E. 402, 403, 801, 802 |
| 33 | Partial Stipulation & Order of Dismissal, *Olutosin v. Lee*, No. 7:14-cv-00685-NSR (S.D.N.Y.) | N/A | F.R.E. 402, 403, 801, 802 |
| 34 | Second Amended Complaint, *Stephens v. Venettozzi*, No. 1:13-cv-05779-RA (S.D.N.Y.) | N/A | F.R.E. 402, 403, 801, 802 |
| 35 | Charging Document for C.O. Victor Cruz | N/A | F.R.E. 402, 403, 801, 802, 901 |

B.  **Defendants**

| Exhibit | Description | Bates Number | Objection(s) |
|---|---|---|---|
| A | Contraband receipt | 0282 | F.R.E. 402, 403, 801, 802. |
| B | Photos of razor | 0272-0273 | |
| C | Photos of E. Fabricio after 2/10/2015 Incident | 0274-0275 | |
| D | Plaintiff's medical records | Medical Records Pg. 001-253 | F.R.E. 402, 403. Plaintiff further objects to the exhibit—which represents Plaintiff's entire prison medical record, over a 20-plus-year period—on privacy grounds. *See, e.g., O'Connor v. Pierson*, 426 F.3d 187, 201 (2d Cir. 2005) ("Medical information . . . is information of the most intimate kind."). |

| Exhibit | Description | Bates Number | Objection(s) |
|---|---|---|---|
| D-1 | Plaintiff's Ambulatory Health Record Progress Note 2 months before and 2 months after alleged incident date (2/10/2015) | Medical Records Pg. 81-87 | |
| D-2 | Plaintiff's Test Results, X-Ray Requisition and Report | Medical Records Pg. 35, 36, 37 | F.R.E. 402, 403, 801, 802. |
| E | 6 Color Photos of F Block, Corridor where the alleged incident occurred | TO BE PRODUCED TO PLAINTIFF'S COUNSEL (BATES-stamped as 357, 358, 359, 360, 361,362).[3] | Plaintiff objects to the use of these photos at trial because Defendants have not produced them to Plaintiff. Fed. R. Civ. P. 37(c). Defendants' failure to produce the photos also has deprived Plaintiff of any opportunity to review them, and thus Plaintiff reserves all objections to their use at trial, including (without limitation) objections grounded in F.R.E. 402, 403, 901, and 1002.<br><br>Plaintiff further objects to the conditions that Defendants attempt to place on the production of the photos. |
| F | Brokaw Calendar | 355 | F.R.E. 801, 802. |
| G | Brokaw To/From Memo | 047 | F.R.E. 801, 802. |

---

[3] The parties are still discussing the terms of Defendants' production. Defendants seek to restrict Plaintiff's Counsel from providing Plaintiff, a former DOCCS' inmate, with physical or virtual copies of the photos to keep in his possession on the grounds that it would jeopardize institutional safety and security. Plaintiff believes that the conditions Defendants seek to impose are unwarranted and unreasonable, especially since Defendants seek to use the photos at trial in open court. The parties are continuing to meet and confer.

XII. **Plaintiff's statement of relief sought.**

    A.    Compensatory damages for physical and emotional pain and suffering in an amount to be determined by the jury.

    B.    Punitive damages. This type of damages is not susceptible to a mathematical calculation and will be determined by the jury.

    C.    Costs and expenses of this action. This type of damages will be determined after the trial in the event that Plaintiff obtains a favorable verdict.

    D.    Attorneys' fees and costs to be determined in the event Plaintiff obtains a favorable verdict.

XIII. **Statement as to whether the parties consent to a less-than-unanimous verdict.**

    A.    One or more parties do not consent to a less-than-unanimous verdict.

Dated: December 11, 2020

                                                  Respectfully submitted,

| | |
|---|---|
| *S/ William E. O'Neil* | LETITIA JAMES |
| William E. O'Neil | Attorney General of the State of New York |
| Neha Jaganathan | By: |
| COVINGTON & BURLING LLP | *S/ Amanda Yoon\** |
| The New York Times Building | Amanda Yoon |
| 620 Eighth Avenue | Julinda Dawkins |
| New York, NY 10018 | Assistant Attorney General |
| Tel.: 212-841-1103 | 28 Liberty Street |
| Fax: 646-441-9103 | New York, NY 10005 |
| Email: woneil@cov.com | Tel.: 212-416-8606/8118 |
|     njaganathan@cov.com | Email: Amanda.Yoon@ag.ny.gov |
| |        Julinda.Dawkins@ag.ny.gov |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

\* Electronic signature used with permission pursuant to SDNY ECF Rule 8.5(b).

DATED: White Plains, New York
       February 24, 2021

SO ORDERED:

_____
THE HONORABLE PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE