# COVINGTON

BEIJING  BRUSSELS  DUBAI  FRANKFURT  JOHANNESBURG
LONDON  LOS ANGELES  NEW YORK  PALO ALTO
SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

> Application granted.
>
> Plaintiff is granted leave to: (1) redact and file under seal a portion of his inmate disciplinary record; and (2) file under seal excerpts of his medical record.
>
> The Clerk of the Court is respectfully directed to seal Docs. 177, 178, and 179, permitting access only by the parties and the Court, but to retain the summary docket text for the record.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 175.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> February 24, 2021

**By CM/ECF**

The Honorable Philip M. Halpern
United States District Judge
Daniel Patrick Moynihan United States Cou[rthouse]
500 Pearl Street
New York, NY 10007

Re: *Fabricio v. Lee*, Case No. 7[:16-cv-08731-PMH]

Dear Judge Halpern:

  We represent Plaintiff Ederick Fabricio ("Plaintiff") in the above-captioned matter. We write pursuant to Paragraph 5 of Your Honor's Individual Rules of Practice to request leave (i) to redact and file under seal a portion of Plaintiff's inmate disciplinary record, and (ii) to file under seal excerpts of Plaintiff's prison medical record, in connection with Plaintiff's motion in *limine* and pretrial memorandum. Plaintiff has met and conferred with Defendants about his sealing request, and Defendants take no position with respect to Plaintiff's application.

  Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), judicial records may be filed under seal when "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id*. at 120. Here, both Plaintiff's disciplinary and medical records contain sensitive, personal information that merits confidential treatment under the *Lugosch* standard.

  *First*, Plaintiff's prison disciplinary record contains sensitive information about alleged misconduct dating back more than 11 years. Courts recognize that prison disciplinary records "implicate privacy interests," and often merit confidential treatment under *Lugosch*. *Santana v. Racette*, 2020 WL 3412728, at *3 (S.D.N.Y. June 22, 2020). This is especially true here, where the information that Plaintiff seeks to redact references alleged disciplinary infractions that occurred over a decade ago and are irrelevant to the parties' claims and defenses. *See, e.g.*, *Fernandez v. City of New York*, 457 F. Supp. 3d 364, 401 (S.D.N.Y. 2020) (sealing disciplinary records that had only "slight relevance" to claims). Plaintiff does not seek to seal information about any disciplinary infractions that are referenced in his complaint or other pretrial filings.

  *Second*, good cause exists to seal excerpts of Plaintiff's prison medical record, which discuss Plaintiff's medical diagnoses and treatment after the February 10, 2015 attack. "Federal law generally treats medical records as confidential," *Hand v. N.Y. City Transit Auth.*, 2012 WL 3704826, at *5 (S.D.N.Y. Aug. 26, 2012), and "district courts routinely" permit the filing of "medical records under seal," *Wheeler-Whichard v. Doe*, 2010 WL 3395288, at *7 (N.D.N.Y. Aug. 25, 2010). Here, sealing is particularly appropriate, as the excerpts at issue discuss

**COVINGTON**

The Honorable Philip M. Halpern
January 25, 2021
Page 2

Plaintiff's chronic health problems, separate and apart from his physical condition after the 2015 attack.

  We thank the Court for its attention to this matter.

                Respectfully submitted,

                *S/ William E. O'Neil*

                William E. O'Neil

cc:  All counsel of record (by CM/ECF)