**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

---

> Application granted.
>
> Plaintiff is granted leave to file under seal the two exhibits identified herein (Docs. 188-1, 188-2).
>
> The Clerk of the Court is respectfully directed to seal Doc. 189, permitting access only by the parties and the Court, but to retain the summary docket text for the record.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 187.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:   White Plains, New York
>          February 24, 2021

---

**By CM/ECF**

The Honorable Philip M. Halpern
United States District Judge
Daniel Patrick Moynihan United States C[ourthouse]
500 Pearl Street
New York, NY 10007

      Re:  *Fabricio v. Lee*, Case No.

Dear Judge Halpern:

      We represent Plaintiff Ederick Fabricio ("Plaintiff") in the above-captioned case.  We write pursuant to Paragraph 5 of Your Honor's Individual Rules of Practice to request leave to file two exhibits under seal in connection with Plaintiff's opposition to Defendants' motion *in limine*.  Both exhibits pertain to Plaintiff's medical history and describe his then-present physical condition and mental state.  Plaintiff has met and conferred with Defendants about his sealing request, and Defendants take no position with respect to Plaintiff's application.

      Under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), judicial records may be filed under seal when "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120.  Pursuant to this standard, courts in this Circuit "generally treat[] medical records as confidential," *Hand v. N.Y. City Transit Auth.*, 2012 WL 3704826, at *5 (S.D.N.Y. Aug. 26, 2012), and "routinely" permit the filing of "medical records under seal," *Wheeler-Whichard v. Doe*, 2010 WL 3395288, at *7 (N.D.N.Y. Aug. 25, 2010).  Confidential treatment is especially appropriate in situations in which a medical record describes a party's psychiatric condition or mental health.  *See O'Connor v. Pierson*, 426 F.3d 187, 201 (2d Cir. 2005) ("Medical information in general, and information about a person's psychiatric health . . . in particular, is information of the most intimate kind.").

      Here, confidential treatment of Plaintiff's medical records is merited under *Lugosch* and its progeny.  Exhibit 1 is a psychiatric screening report that summarizes Plaintiff's mental health history and contemporaneous symptoms.  Exhibit 2 is a collection of "sick call" requests and x-ray results that describe Plaintiff's physical condition after his February 10, 2015 assault.  Public filing of these materials would disclose Plaintiff's personal medical information, in which he holds an important privacy interest.  *See United States v. Sattar*, 471 F. Supp. 2d 380, 387 (S.D.N.Y. 2006) ("[T]here is a recognized privacy interest in medical records.").  Sealing Plaintiff's psychiatric record is especially important, given the sensitivity of the information at issue and the risk of public embarrassment or stigma caused by disclosure.  In similar circumstances, courts have readily granted a party's sealing request. *See, e.g., Berlin v. Jetblue*

COVINGTON

The Honorable Philip M. Halpern
February 8, 2021
Page 2

*Airways*, 2020 WL 3868707, at *1 (E.D.N.Y. July 9, 2020) (granting motion to seal exhibits comprised of "medical records and other confidential information about Plaintiff's health"); *Shakir v. Stankye*, 2017 WL 11514785, at *5 (D. Conn. Mar. 21, 2017) (granting motion to seal exhibits "contain[ing] confidential and protected information from medical files").

    We thank the Court for its attention to this matter.

    Respectfully submitted,

    *S/ William E. O'Neil*

    William E. O'Neil

cc:    All counsel of record (by CM/ECF)