UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDERICK FABRICIO,

                 Plaintiff,

-against-

SGT. JEFFREY MILLER, et al.,

                 Defendants.

**ORDER**

16-CV-08731 (PMH)

PHILIP M. HALPERN, United States District Judge:

    The Court held a final pretrial conference in Courtroom 520 on October 6, 2021. Counsel for Ederick Fabricio ("Plaintiff") and counsel for Keith Chase, Jeffery Erns, Keith Brokaw, Brian Corey, Sean Carlson, Jeffrey Miller, Reginald Lorde-Gray, and Stanley Phillips (collectively, "Defendants") appeared.

    Jury selection will commence on October 20, 2021 at approximately 09:30 a.m. Counsel shall, accordingly, appear in Courtroom 520 on that day at 09:00 a.m.

    The Court, during the conference, reviewed trial COVID protocols and the jury selection process with the parties. The parties agreed to use a maximum of three preemptory challenges on each side during jury selection. Defendants advised that, as Anthony Russo is no longer a DOCCS employee, they wish to substitute James LeConey for that witness. Plaintiff indicated that his objections to Russo stand vis-à-vis LeConey. The Court concluded that any prior rulings as to Russo would apply to LeConey.

    The Court provided the parties with copies of its Proposed Voir Dire Form. As stated on the record, by **October 12, 2021**, the parties shall file joint a letter advising: **(1)** as to any objections or modifications (*i.e.*, additional or different names) to the Proposed Voir Dire Form; **(2)** which of the two similar paragraphs on Page 14 of the Joint Proposed Jury Instructions the parties agree that

the Court use; and **(3)** whether they both do or do not agree as to whether counsel should be allowed to mention specific dollar amounts related to pain and suffering during summations.

If the parties cannot agree on whether they should or should not be permitted to mention specific dollar amounts during summations: **(1)** the party objecting to the discussion of specific dollar amounts will provide the other with a two-page letter explaining its position by October 10, 2021; and **(2)** the party advocating for the discussion of specific dollar amounts will provide a two-page letter outlining the basis for its position by October 12, 2021. Should the parties disagree on whether counsel may discuss dollar amounts concerning pain and suffering during summation, these position letters will also be filed with the Court on **October 12, 2021**.

As stated on the record, in accordance with Federal Rule of Evidence 611, the Court will limit the anticipated witness testimony to promote efficiency and reduce waste. To this end, the parties agreed that, absent good cause, witnesses will be called once for a maximum of one hour with the exception of Plaintiff (two hours), Dr. Bentivegna (ninety minutes), and the Custodian of Records (thirty minutes) identified by Plaintiff. Plaintiff withdrew Dayna Fabricio as a witness.

The parties shall also, by **October 18, 2021**, provide the Court with: **(1)** three binders containing copies of all exhibits they expect to introduce; and **(2)** a flash drive containing copies of all exhibits they expect to introduce. The parties are directed to meet and confer regarding anticipated objections to exhibits. The parties are also encouraged, to further maximize efficiency, to meet and confer regarding stipulations as to facts and exhibits. If the parties settle, they must so advise the Court by October 18, 2021 so that the prospective jury pool can be cancelled.

**SO ORDERED:**

Dated:   White Plains, New York
        October 6, 2021

_____
PHILIP M. HALPERN
United States District Judge